# Ulrich *against* Berger.

Set-off is only allowable in favour of a defendant; consequently there can be no such thing as set-off against set-off.

ERROR to the Common Pleas of *Union* county.

George Ulrich against Jacob Berger. This was an action of debt on a bond, to which the defendant pleaded payment with leave to set-off; and under this plea gave in evidence a single bill of the plaintiff for $57.22. For the purpose of showing that this single bill was paid, the plaintiff offered in evidence the account of Jacob Berger, administrator of Jacob Crotzer deceased, settled in the Orphans' Court, showing a balance of $507.24 in his hands, for distribution among the heirs, of whom the wife of the plaintiff was one of seven. The account was settled in 1827, and the wife of the plaintiff died in 1837. This evidence was objected to by the defendant and rejected by the court, (Lewis, President).

*Swineford*, for plaintiff in error.

*Slenker, contra*, argued that mutual demands do not extinguish each other by mere operation of law; 9 *Watts* 179; and that there cannot be a set-off against a set-off. 1 *Rawle* 279, 452; 4 *Rawle* 468; 2 *Watts* 217.

PER CURIAM.—Set-off is a creature of positive law, and exists only where it is authorized by statute. Our Act allows it only in favour of a defendant; and there consequently cannot be such a thing as set-off against set-off. A lawsuit might become very inconveniently complicated were it otherwise, as the contest might, in the end, be shifted from its original ground, and a plaintiff recover a different and greater demand than the one laid in his declaration. It is certain, then, that the law did not apply the debts, in this case, to the extinguishment of each other; for had there been such a principle of application at the common law, a statute of set-off would have been unnecessary, inasmuch as defalcation would have been actual payment in every case. Now whether the parties themselves had made the application in this case, was all that remained to be settled; and it was properly submitted to the jury as a question of fact, with pertinent remarks on the evidence. This is the whole case presented by the record, and we see no principle in it that could readily be made a subject of error.

                                        Judgment affirmed.