# Road Commissioners of Mill Creek *versus* Fickinger.

1. By an Act of Assembly relating to the roads in Erie county, any person aggrieved by the laying out or altering of a road by the road commissioners of a township might complain to a justice of the peace, who, with a jury to be summoned by him, should hear and determine the case. The commissioners·of Mill Creek township having altered a road, on a hearing on complaint of Fickinger, confirmed the road. At the instance of Willis, a citizen of the township through whose land the road passed, a *certiorari* was issued, and the proceedings were reversed by the court below, after hearing testimony as to facts outside the record. *Held*, that the *certiorari* was properly sued out at the instance of Willis in the name of the road commissioners.

2. The summons issued by the justice was "to answer the plaintiff in debt." *Held*, that the proceedings were regular, and if there was any variance between the summons and complaint, it was an informality of no importance.

3. On the hearing of a *certiorari* before the Court of Common Pleas, parol evidence is inadmissible, except to establish want of jurisdiction or corruption in the justice—his refusal to hear testimony or his having given judgment on the oath of the party alone. The evidence must relate to the conduct of the *magistrate;* evidence of the conduct of a *party* is inadmissible.

CERTIORARI to the Court of Common Pleas of *Erie county*.

In the court below this was a *certiorari* to a justice of the peace to remove certain proceedings against the plaintiffs in error, who were the defendants below.

By an Act of Assembly of March 26th 1846, it is enacted that if any person shall feel aggrieved by a road laid out or altered by the commissioners, he may complain to a justice of the peace, and if the justice shall think there is good cause of complaint, he shall summon the commissioners to appear before him in not more than eight days nor less than four from the date of the summons. He shall also cause a jury of six men to appear at his office at the return day of the summons to the commissioners, which jury shall decide whether the road laid out shall be confirmed, and their decision shall be conclusive as to said road for two years. If the road shall be confirmed, judgment shall be entered against the complainant for costs; if it shall be condemned, judgment shall be entered against the commissioners for costs, which shall be paid by the township.

Samuel Fickinger, defendant in error, a citizen of Mill Creek township, made complaint August 1st 1864 before a justice of the peace, alleging that he was aggrieved by the alteration of a certain road in that township, and the commissioners and a jury were summoned to meet at the justice's office on the 6th of same month, and on the hearing the road was confirmed.

On February 28th 1865, a *certiorari* to remove these proceed-

[Road Commissioners *v.* Fickinger.]

ings was issued at the instance of Thomas Willis, also a citizen of the same township.

On March 13th, the commissioners moved to quash the *certiorari:* —because it was issued without their knowledge or consent and without authority to Willis from them; because the proceedings were legal and regular, and that they are unwilling to incur costs or expense in further litigation; and because Willis is neither party nor privy to the record, and had no right to interfere.

The court granted a rule to show cause, and heard evidence as to the facts in the case.

The exceptions in the court below to the proceedings were:

1. That the summons was "to answer the plaintiff in a debt," and the docket showed a complaint that "plaintiff was aggrieved on account of the alteration" of a road.

2. That the jury were sworn as to "all matters" in regard to locating and vacating, and only find "that the road, as laid out by the commissioners, is hereby confirmed."

3. That plaintiff fraudulently instituted and directed the proceedings under a false pretence of being opposed to the locating and vacating of the roads (alleging facts supposed to show the false pretence).

4. "The whole proceedings on the part of plaintiff were fraudulent and void, and if not reversed will corrupt judicial proceedings."

After hearing, the court made the following order:—

"June 27th 1865. The proceedings set aside; they having originated and were prosecuted in error, were a fraud upon the law."

The commissioners thereupon sued out this *certiorari*, and have here assigned the following errors:—

1. The court below erred in refusing to quash the *certiorari*.

2. The court below erred in reversing the judgment before the justice of the peace.

3. The court below erred in setting aside the proceedings before the justice of the peace.

*James C. & F. F. Marshall,* for plaintiffs in error, argued that Willis had no right to interfere in the matter, and the *certiorari* should have been dismissed. The complaint was properly made, and the process brought the party before the magistrate. So the finding of the jury was in accordance with the fact. The court cannot try matters of fact in such proceeding, they must determine by inspection of the record; citing Division Line of Catharine and Frankstown Townships, 7 Casey 303; Brown *v.* School Directors, 6 Harris 78; Union Canal Company *v.* Keiser, 7 Id. 78.

1 P. F. Smith—4

[Road Commissioners *v.* Fickinger.]

*J. H. Walker*, for defendant in error.—Willis was a citizen of the township, interested in retaining the old road, and therefore had a right to interfere. He also argued that the rules in relation to hearing evidence outside the record did not apply to *certiorari* to justices, and if it did as a general thing, yet this, being a case involving fraud, and, as the court decided, "fraud upon the law," it was not within the strictness of the rule.

The opinion of the court was delivered, November 2d 1865, by

STRONG, J.—We are of opinion that the *certiorari* from the Court of Common Pleas to the magistrate was rightly sued out by Willis in the name of the road commissioners. As an owner of the land through which the proposed road passes, and consequently as a tax-payer of the township, he was interested in the judgment obtained against them. They were by law in a certain sense his agents. He was bound by the judgment, and aggrieved by it. It could have been pleaded against him as an estoppel, conclusively establishing all that was adjudicated by it. We do not, however, lay down any general rule. The proceeding before the magistrate was very peculiar, not only in form, but in its effect, under the special law. All that we decide is, that in such a case a person through whose land the proposed road passes, may sue out a *certiorari* to remove the proceedings had before a justice of the peace, though the suitor be not a party named therein.

But we think the court erred in setting aside the proceedings. On their face they were regular. If there was any variance between the summons and the complaint, or the cause of action as stated on the docket of the justice, it was an informality of no possible importance. The road commissioners appeared, and submitted to trial. The oath administered to the jurors and their verdict were in strict accordance with the requirements of the Act of Assembly, and there is nothing whatever in the transcript of the proceedings that justifies the action of the court in setting them aside.

The court appears to have been of this opinion. But they went beyond the record, and reversed the proceedings for a cause that does not appear in them. Depositions were received to show that Fickinger, the complainant before the magistrate, was not aggrieved by the action of the road commissioner, and therefore that his complaint was a fraud upon those interested in resisting what the commissioners had done. And the court being of opinion that such a fraud was proved, set aside the proceedings for that cause. This, we think, was unwarranted. It is a general rule, in cases of *certiorari* to justices of the peace, that a court is not to look beyond the transcript. Parol evidence, to show what took place before the magistrate, is ordinarily not admissible. By

such evidence the magistrate's proceeding cannot be impeached. Very limited exceptions to the rule have been admitted. They do not extend further than to allow parol evidence to establish want of jurisdiction in the justice, his corruption, or refusal to hear testimony, or the fact of his having given judgment on the oath of the party alone. All the exceptions allowed relate to the conduct of the magistrate. None extend so far as to admit evidence of the conduct of a party. If a suitor has been injured by that he may have a remedy, but not by *certiorari* to the magistrate. We think, therefore, that the court erred in setting aside the proceedings before Justice Comphausen for the cause assigned. They should have been affirmed.

> The order of the Court of Common Pleas setting aside the proceedings before E. Comphausen, Esq., is reversed, and it is adjudged that said proceedings be affirmed.