## The Northumberland County Bank *versus* Eyer.

58 97
138 161

1. The charge of the court with the notes of evidence of the judge filed with it are part of the record.

2. A note drawn by Henninger and for his accommodation with an endorsement in the name of Noll, was also endorsed with a *guaranty* by Eyer and was discounted by a bank. The bank sued Eyer. *Held*, that the court erred in charging that it was incumbent on the bank to prove affirmatively that the contract of guaranty was made with them.

3. As Noll endorsed for the accommodation of Henninger and the bank was the first holder for value, the law implied that the guaranty was made to them.

4. The guaranty is not distinguishable from a general letter of credit, on which an action may be maintained in the name of the person who gives credit on the faith of it.

5. A guaranty is not assignable so as to enable the assignee to sue on it in his own name.

January 28th 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

Writs of error to the Court of Common Pleas of *Snyder county*: to January Term 1867, Nos. 357, 362, 363.

Three suits were brought, on the 24th of March 1864, by the Northumberland County Bank against Henry C. Eyer, on an alleged guaranty by him of three notes. The suits were tried together.

The notes were as follows:—

"$300. Selinsgrove, Oct. 28th 1863.—Sixty days after date I promise to pay to the order of John Noll three hundred dollars, at the Northumberland County Bank, without defalcation or discount, for value received.

PETER HENNINGER.

Endorsed } I guarantee the collection of the within. HENRY C. EYER. JOHN NOLL."

"$800. Selinsgrove, October 14th 1863.—Sixty days after date I promise to pay to the order of John Noll eight hundred dollars, at the Northumberland County Bank, without defalcation or discount, for value received.

PETER HENNINGER.

Credit the drawer,
JOHN NOLL.

Endorsed } JOHN NOLL.
I guarantee the payment of the within note.
HENRY C. EYER."

"$900. Selinsgrove, September 23d 1863.—Sixty days after date I promise to pay to the order of John Noll nine hundred

8 P. F. SMITH—7

dollars, at the Northumberland County Bank, without defalcation or discount, for value received.

Credit the drawer,

JOHN NOLL.

Endorsed } I guarantee the collection of the within note.
          JOHN NOLL.                    HENRY C. EYER."

On the trial the notes with the endorsements were given in evidence by the plaintiffs under objection and exception by the defendant. The plaintiffs gave evidence further that when the notes were offered at the bank for discount, the directors were unwilling to discount them, and they were discounted at the request of the defendant and by reason of his guaranty.

They gave evidence also of the insolvency of Henninger the drawer, and that he had absconded; and evidence tending to show the defendant's recognition of his liability on the notes. They also gave in evidence the record of a suit by them on these notes against Noll the endorser, in which he defended on the ground that his name was forged, the record showed a *verdict* for the defendant, but no payment of verdict fee or judgment entered on it; it contained the charge and the judge's notes of evidence in that suit. This evidence was received under objection and exception by the defendant. Also evidence of a notice from the plaintiffs to the defendant of the trial of the suit against Noll, served twenty days before the suit was tried.

The plaintiffs having closed, the defendant gave evidence under objection and exception by the plaintiffs, of the ability of Noll, the endorser, to pay the notes in suit; also that the proceeds of the notes went to the credit of Henninger.

The court (Woods, P. J.) charged:—

"The plaintiffs in these suits seek to recover the amount of three several notes drawn by Peter Henninger to the order of John Noll, one for $900, one for $800 and one for $300, with the protest fees and interest and costs paid in suits against Henninger and Noll on these same notes.

"These notes were all drawn payable at the Northumberland County Bank, and endorsed by Mr. Noll. They are what is called accommodation notes, Noll having endorsed them for the accommodation of Henninger. The defendant, Colonel Eyer, guarantied the payment of one of these notes and that the others were collectable. It is on these guaranties that these suits are brought. A guaranty is different from an endorsement and the liability assumed is different. An endorser agrees that if the note is not paid at maturity and it is regularly protested, and notice given of non-payment, that he will pay it, and on its being protested he becomes at once liable therefor, without anything more being done. A guarantor however only agrees to pay, provided

[Northumberland Bank *v.* Eyer.]

the holder uses due diligence to collect the notes from the principal debtor and cannot succeed.

"A guaranty is a contract between the guarantor and the person to whom the paper is guarantied, but there is no presumption that the holder is the person with whom the contract is made, where there is no name mentioned in the guaranty itself. In the cases before us, if the evidence is believed, it would appear that the diligence required by the law had been used, and every effort made to recover the money from the parties previously liable, that was necessary to hold the guarantor. It has been shown that at the time the notes fell due, Henninger had absconded and left no property to pay his debts.

"Such being the case, it was not necessary even to bring suit against him to hold Colonel Eyer as his guarantor, as the law never requires a useless thing to be done. If this contract of guaranty was made with the bank there could be no doubt but due diligence had been used, and that the defendant would be liable for the amount of these notes.

"The defendant resists a recovery on several grounds. He denies that he ever made this guaranty to the bank. He does not deny that he made the guaranty in evidence, but he does deny that the bank is the party with whom he made it. In neither of the papers in evidence is it set out with whom the contract of guaranty was made. A guaranty is like any other contract and can only be enforced by those who are privy to it. It is not like an endorsement, and does not pass with a transfer of the note so as to enable the holder to sue in his own name; but it can be enforced only by the party or in the name of the party with whom it was made.

"With whom did Colonel Eyer make the contract of guaranty, becomes a very important question in the trial of these cases; for, as we have intimated, the bank cannot recover unless she has shown to your satisfaction that she was the party to whom these guaranties were made. If these guaranties were given to any other person than the bank, then there would be no privity of contract between the parties to these suits, and consequently the plaintiff could not recover. [Where the guaranty does not state to whom it was made, the law makes no presumption in favor of its having been made to the holder of the paper; but before he can recover he must show affirmatively that it was made with him. Now while it may be true that Colonel Eyer executed the guaranties in question, it not being set out in them to whom they were made, the bank cannot recover here unless she has shown that she is the party to whom or with whom they were made. The burden of proof is on the bank, for on the papers themselves she could not recover. You have heard all the evidence in the case, and if it satisfies you that these contracts were made directly with the bank,

[Northumberland Bank *v.* Eyer.]

then the plaintiffs would be entitled to your verdict for the amounts claimed in these suits; but if the evidence does not so satisfy you, then the defendant would be entitled to your verdict.] * * *

"The main question then for you to pass upon is whether the contract of guaranty was made by Colonel Eyer with the bank.

"As we have said, the burden of proof is on the plaintiffs. If you are satisfied that the guaranty was made directly with the bank, the plaintiffs would be entitled to your verdict; but if the plaintiffs have failed to satisfy you of this, your verdict should be for the defendant."

Both parties submitted points. Those whose answers were assigned for error, together with the answers were as follows :—

Plaintiffs' points :—

1. "If the jury believe that the defendant guarantied the collection and payment of the notes given in evidence before they were discounted, then the bank parted with its money on the express guaranty of the defendant to the bank, that he would be responsible for their collection and payment."

Answer : "If the defendant guarantied the collection and payment of these notes, whether the plaintiffs could recover would depend on other facts that we have already considered. They would in this case have to prove to your satisfaction that Mr. Eyer made this contract with the bank. The writing does not show with whom this guaranty was made. If it was made by an arrangement with Henninger and Noll, or either of them, then they could not recover in this case. For the plaintiffs cannot recover in this action unless they show affirmatively that the guaranty was made directly to the bank.

7. "Under all the evidence in the cause, the verdict should be for the plaintiffs for the amount of notes, protest fees, interest and costs incurred in proceedings against Peter Henninger and John Noll."

Answer : "This we cannot answer as requested."

Defendant's points :—

1. "Inasmuch as the plaintiffs have not shown that the defendant had any title to or interest in the notes in suit, or that the plaintiffs derived title to the notes through the defendant, and inasmuch as the notes are accommodation notes, and were drawn by Henninger for his own use and accommodation, there would be no privity of contract between the defendant and the plaintiffs, and there can be no recovery in the present form of action."

Answer : "This will depend on whom the contract of guaranty was made with. If the bank discounted these notes on the agreement that Eyer would guaranty them, and in consideration that the bank would discount them for Henninger, he agreed with the bank to guaranty them, and did so, plaintiffs could recover if due

diligence had been used.    But if the guaranty was made to Noll
or any other person than to the bank, then the plaintiffs cannot
recover.    The burden of proving that this guaranty was made
directly to the bank, rests on the plaintiffs, and unless they have
shown this by competent evidence the plaintiffs could not re-
cover."

2.  " As the notes were accommodation notes, and were drawn by
Henninger for his own benefit, and were discounted for his accom-
modation, there would be no privity of contract between the de-
fendant and the bank, and there would be no recovery in this
action."

Answer:    " This would be so, unless the plaintiffs have shown
affirmatively, that the guaranty was made with the bank directly."

There was a verdict for defendant.

The plaintiffs took out a writ of error, and assigned for error,

1.  Admitting evidence of Noll's ability to pay the notes in suit.

2 and 3.  The answers of the court to the plaintiffs' 1st and 7th
points.

4 and 5.  The answers to the defendant's 4th and 5th points.

6 and 7.  Those parts of the charge enclosed in brackets.

*J. M. Linn* and *J. W. Comley*, for plaintiffs in error.—The
plaintiffs can recover either in their own name, if they were the
guarantee, or if the assignee, in the name of the guarantee to
their use: Beckley v. Eckert, 3 Barr 294; Byles on Bills 100,
323; Kyner v. Shower, 1 Harris 446; Taylor v. McCune, 1
Jones 465.

Privity of contract is established between Eyer and the bank:
Watson v. McLaren, 19 Wend. 565; Douglass v. Wilkeson, 5
Id. 645.

A promise held out to the world in general, when accepted,
becomes a promise to the acceptor: Walton v. Dodson, 3 Car. &
Payne 162; Bradley v. Carey, 8 Greenl. R. 234; Phillips v.
Bateman, 16 East 355; Farmington Academy v. Allen, 14 Mass.
172; Stouffer v. Latshaw, 2 Watts 167.

*A. C. Simpson* and *J. B. Packer* (with whom was *W. J.*
*Greenough*), for defendant in error.—A contract will not be
created between a holder paying value to a drawer and a guar-
antor upon a guaranty, which is conditional and only designed
to give currency to the paper: Fegenbush v. Lang, 4 Casey 193;
Shollenberger v. Nehf, Id. 189; Barto v. Schmeck, Id. 447;
Shenk v. Robeson, 2 Grant 372; Smith v. Kessler, 8 Wright 144.

The action on a guaranty must be in the name of the guaran-
tee: McDoal v. Yeomans, 8 Watts 362; Beckley v. Eckert, 3
Barr 292; Fahnestock v. Schoyer, 9 Watts 102; Lamoneux v.

[Northumberland Bank *v.* Eyer.]

Howit, 5 Wend. 307; True *v.* Fuller, 21 Pick. 140; Tyler *v.* Binney, 7 Mass. 481.

The opinion of the court was delivered, February 3d 1868, by Sharswood, J.—These were actions on three several guaranties by the defendant in error, who was also the defendant below, on promissory notes drawn by Peter Henninger in favor of, and purporting to be endorsed by, John Noll. On the trial in the court below the plaintiffs having proved the signatures of the defendant, and given evidence that Peter Henninger, the maker of the note, was insolvent and had absconded, offered the record of an action by the plaintiffs against John Noll, and proved a notice in writing from their attorney of that suit, and that it was duly served on him more than twenty days before the trial. The record contained the charge of the court, with notes of the evidence. There can be no doubt that this formed a part of the record. By the Act of February 24th 1806, § 25, 4 Sm. Laws 276, it is made the duty of the presidents of the Courts of Common Pleas, if either party or their counsel require it, to reduce their opinion in any cause to writing, and to file the same of record. It has been held that the opinion thus filed by the positive command of the law is of the body of the record, and that the law intends that the judge shall place upon the record also such facts as are necessary to explain his opinion: Downing *v.* Baldwin, 1 S. & R. 298; Munderbach *v.* Lutz, 14 Id. 125. The evidence filed in the case of The Northumberland County Bank *v.* John Noll constituted such a statement, not so formal perhaps as it might have been; and it shows very clearly that the only question submitted to, and passed upon by, the jury was whether the endorsements of Noll were genuine. The verdict was for the defendant. No jury-fee, however, was paid and no judgment entered. The record was admitted under exception by the defendant. That exception is not before us on this writ of error. Had there been judgment upon the verdict it would perhaps have been conclusive upon the defendant, under the notice he had received: Leather *v.* Poultney, 4 Binn. 352; Morris *v.* Buckley, 11 S. & R. 168; Weckerly *v.* Lutheran Congregation, 3 Rawle 172; Coates *v.* Roberts, 4 Id. 100; Ayres *v.* Findley, 1 Barr 501; Barber *v.* Wolcott, 3 Harris 57: and the main question in the cause would have been very much simplified if not entirely resolved. For if Noll was no party to the notes it could not have been pretended that the defendant's contract had been made with him, and there was no other party with whom it could have been made but the bank and Henninger, whose primary engagement as maker was that which was guaranteed. As, however, it was to be presumed, in the first instance, that the signatures of Noll on the paper offered by the plaintiffs were genuine, and the record can only be regarded as

[Northumberland Bank *v.* Eyer.]

evidence for the purpose for which it was offered and received—to show due diligence—we cannot say that the court was in error in admitting the evidence of Noll's ability to pay, which forms the subject of the 1st assignment of error by the plaintiffs.

We are of opinion, however, that the court below erred in their answer to the plaintiffs' 1st point, to the defendant's points and in their charge to the jury. These are all based upon the position that it was incumbent on the plaintiffs to prove affirmatively that the contract of guaranty was in fact made with them. It is undoubtedly true that such a contract is not assignable at law so as to entitle the assignee to sue in his own name: Beckley *v.* Eckert, 3 Barr 294. But there was evidence in the cause which tended to show—and indeed it does not appear to have been disputed—that if Noll was indeed a party to the notes it was as endorser for the accommodation of Henninger, the maker. The notes were not, in the first instance, available instruments. Noll could have maintained no action against Henninger without showing that he had been obliged to pay them to some subsequent party to whom they had been transferred. They were made to be discounted. Now as it appeared that the plaintiffs were the first and only holders for value, the law implied that the contract of guaranty was made with them. It is not distinguishable from a general letter of credit; and it is well settled that an action may be maintained on such a letter by and in the name of the person who gives credit on the faith of it: Lawrason *v.* Mason, 3 Cranch 492; Aldricks *v.* Higgins, 16 S. & R. 212. Indeed the very point was decided in McLarra *v.* Watson's Executors, 26 Wend. 642. The jury should have been instructed, then, that if they believed from the evidence that Noll endorsed these notes for the accommodation of Henninger, and due diligence had been used, that the plaintiffs were entitled to a verdict.

Judgments reversed, and *venire facias de novo* awarded in each case.