## Spellman *v.* City of Scranton.

*Appeals—Right to take appeal—Municipalities—Mayor.*

In an action against a city where an appeal has been taken by the mayor in his name as mayor, and it appears that in a former and similar case an appeal was discontinued by the direct action of the city councils, and it also appears that the city councils decline to affirm or ratify the action of the mayor, as mayor, in taking the later appeal, the court will quash the appeal.

Rule to quash appeal.

*Everett Warren*, for the rule.

*George M. Watson*, contra.

Per Curiam, May 23, 1901:

The record in this case discloses the following state of facts: M. F. Spellman brought an action in assumpsit against the city of Scranton, and after a trial before a jury, recovered a verdict for $337.32 on which a judgment was entered on December 7, 1900. On December 28 following, an appeal was taken to this court, which, in the writ of certiorari to which the plaintiff was called upon to plead, was styled, " the appeal of James Moir, mayor, from the decision of the court in the case of Michael F. Spellman v. The City of Scranton."

On January 21, 1901, the appellee presented a motion for a rule to show cause why the appeal should not be quashed, verified by the oath of counsel, three reasons being assigned,

viz : 1. It is apparent on the face of the writ that this appeal is taken by James Moir, mayor. 2. The appellee alleges as a matter of fact that this appeal was neither authorized nor acquiesced in by any order or resolution of the city councils. 3. This appeal is not taken by James Moir, mayor, as a taxpayer, and appellee maintains that James Moir as mayor can take no appeal for the city of Scranton.

January 20, 1901, a rule was issued and a day fixed for a hearing, when counsel for James Moir, mayor, and the appellee filed a paper in which it was admitted that " there was no resolution of the council directing this appeal to be taken; " the counsel for the mayor alleging that at the time the judgment was entered there was no lawful number of the common council to resolve, a majority of that body having retired from service as councilmen, and that the mayor was represented by private counsel for the reason that in another case arising upon practically the same facts the city council, as it then stood, directed the city solicitor to withdraw an appeal pending in this court, " the city solicitor, therefore, and for that reason declined to act as attorney " in the present case.

This court on February 14, 1901, continued the rule to show cause until March 11, with leave to counsel to file written or printed briefs, and directed notice thereof to be given to the city solicitor. On April 1, 1901, a notice of the motion to quash the appeal was served upon the then city solicitor, and on April 2, on his successor in office, who is the same attorney who was the private counsel of James Moir, mayor, at the time the appeal was taken. No answer or brief filed by or in behalf of James Moir, mayor, nor for the city of Scranton.

An appeal may be taken from the action of a trial court in a legal proceeding only by a party to the controversy, or by one in privity with him, and the appellant's proper relation to the case must be shown by the record. Persons having no interest in judicial proceedings will not be heard as parties to impugn them. When the appellant acts in a representative capacity he must show that he is in his own person aggrieved by the judgment, or is authorized to act as such representative for the purpose of getting the proper parties upon the record: Bell v. Allegheny County, 149 Pa. 381; 1 Pepper & Lewis's Digest of Decisions, 805.

223, (1901).] Opinion of the Court.

The judgment in the court below follows the statement filed in the case and is a judgment against the city of Scranton, and not against James Moir. The appeal taken by James Moir in his representative capacity as mayor is not supported by any precedent authority or subsequent affirmance by councils, or the law officer of the city although due notice of the rule to quash the appeal was served upon him. In the light of the facts that an appeal to this court in a former and similar case was discontinued by direct action of the city councils, and that the city councils decline to affirm or ratify the action of James Moir as mayor in taking this appeal, we may assume this is not the appeal of the city of Scranton but, as the writ indicated, is the appeal of James Moir, mayor. He is not a party aggrieved by the judgment.

The appeal must be instituted by some person authorized to act for the city, it being the legal party on the record, and when that authority is denied under oath by the appellee, it is incumbent upon the appellant, after notice, to come into court and affirm what has been done in its behalf, else its silence will be held to be an abandonment of its appeal.

The rule to show cause why the appeal should not be quashed is made absolute.