# Lansford v. Lutz.

In a suit before a Justice of the Peace for the recovery of a penalty for the violation of a borough ordinance, the Justice has no jurisdiction, if the ordinance is not properly recorded in the ordinance book and certified by the secretary of Town Council, agreeably to the Act of May 23, 1893, P. L. 113.

### BOROUGH ORDINANCE—CERTIFICATE OF SECRETARY—RECORDING IN ORDINANCE BOOK.

No. 38, October Term, 1901; C. P. of Carbon county.

L. C. Scott and J. O. Ulrich, Esqs., for Exceptions.

W. G. Thomas, Esq., for Plaintiff.

HEYDT, J.

This was a suit brought before a Justice of the Peace by the Borough of Lansford, against Edward Lutz, for the recovery of a penalty for the violation of a borough ordinance.

The Justice rendered judgment in favor of the plaintiff. The defendant caused a writ of certiorari to be issued to the Justice of the Peace, and filed twelve exceptions to the record of the judgment.

The 9th exception is: "The ordinance in question was not legally enacted by the Borough of Lansford," and the 10th: "The ordinance as recorded in the ordinance book of said borough has not attached the certificate of the secretary of the borough as required by law, nor was such certificate attached at the time of this suit."

There was no testimony taken in support of these two exceptions, but the facts were agreed upon by counsel as follows: "Defendant can prove that the ordinance in question was merely transcribed in the ordinance book, and that said ordinance was not signed in the ordinance book by the president of the Town Council, nor approved by the Burgess nor certified to by the secretary.

"Plaintiff admits that such facts can be proved, but objects to its admission, on the ground that the only evidence offered before the Justice in said case was a copy of said ordinance, which said copy was admitted without objection before the Justice.

Lansford v. Lutz.

"Such evidence being inadmissible for the purpose of a certiorari."

"Defendant admits that the original ordinance book was not before the Justice, and that the said copy attached to the record was the only evidence produced as to the contents and purport of the said ordinance."

"That said ordinance has been duly entered into the minute book of said borough, and signed by its several officers, as appears by the copy attached to the record."

These exceptions raise the question of the jurisdiction of the Justice. On the face of the transcript it would appear that the Justice had jurisdiction. To determine whether the Justice had jurisdiction, parol evidence is admissible : 1 Brewster's Practice, Sec. 1424; Road Commissioners of Mill Creek v. Fickinger, 51 Pa. 48; O. and P. R. R. Co. v. Brittain, 1 Pitts. 271.

The Act of May 23, 1893, P. L. 113, contains this proviso : "Provided that before any ordinance shall come into force and effect as aforesaid, the same shall be recorded in the borough ordinance book with the certificate of the secretary," &c. This Act is clear and positive. It makes the recording of the ordinance in the borough ordinance book with the certificate of the secretary a condition precedent to the coming into force and effect of the ordinance.

In the case at bar no names are attached to the ordinance as transcribed in the ordinance book. There is no certificate of the secretary of any kind. Therefore, the ordinance was not in force and effect, and because the ordinance was not in force, the Justice of the Peace had no jurisdiction, and the judgment cannot stand.

This view of the case renders it unnecessary to pass upon the other exceptions.

NOW, March 19, 1902, the 9th and 10th exceptions are sustained, and the judgment of the Justice is set aside.