## Lapcevic v. Guardian Fire Insurance Company.

*Appeals—Corporations—Receivers—Quashing appeal.*

Where a judgment is entered on a verdict against a corporation and on the last day of the six months thereafter, an appeal is taken by the receiver of the company, such appeal will be quashed where there is nothing on the record to show that the company was insolvent, or in the hands of a receiver, or that the receiver had intervened, or had made any attempt to intervene, and it also appears from the answer

to a motion to quash that the company had been dissolved and a receiver appointed over a month before the judgment was entered.

Argued April 20, 1910.  Appeal, No. 21, April T., 1910, by Geo. H. Calvert, receiver, from judgment of C. P. Westmoreland Co., Aug. T., 1908, No. 950, on verdict for plaintiff in case of Samuel Lapcevic v. Guardian Fire Insurance Company of Pennsylvania.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Appeal quashed.

Motion to quash appeal.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.

*C. B. Shaw*, with him *John C. Silsley*, for appellee

PER CURIAM, July 20, 1910:

The plaintiff brought an action against the defendant corporation and after trial before a jury obtained judgment on March 15, 1909, against the company.  No appeal was taken by the company.  But on September 15, 1909, a præcipe for appeal on behalf of George H. Calvert, receiver, was filed with our prothonotary and a writ issued to bring up the record. No bail was given.  The receiver had not intervened and at the time of the appeal, as well as at the present time, there was nothing in the record to show that the company was insolvent or had been dissolved or that a receiver had been appointed. But it is substantially alleged in answer to the motion to quash, that on February 6, 1909, the company was dissolved and the receiver appointed.  No order of court, however, permitting him to intervene was made or asked for.  It is to be observed that this is not a case of a judgment obtained before the dissolution of the corporation and the appointment of the receiver, and no circumstances are alleged in explanation of the omission of the receiver to intervene before the case was tried or to apply for permission to do so before the time for

appeal expired. Whether or not upon a distribution of the assets of the corporation the receiver or other persons entitled to participate in the distribution may question the conclusiveness of the plaintiff's judgment as evidence of the amount of his claim, is a question which does not arise here. Under all the circumstances we all are of opinion that the motion to quash should prevail. See Beach on Receivers, sec. 708; High on Receivers, sec. 258.

The appeal is quashed.