## Blyler's License.

*Liquor law—Revocation—Practice, Q. S.—Action of the court.*

Where a decree revoking a liquor license purports on its face to have been made by the court of quarter sessions with the concurrence of the president judge and two associate judges, and the record as made up shows a hearing of testimony by the three judges and argument of counsel, and no objection is made at the time that the court was not properly sitting, it cannot be subsequently objected that the decree was the mere act of the judges in vacation, and not the act of the court of quarter sessions itself. Such a decree cannot be set aside by the two associate judges at a subsequent day on a hearing without testimony or petitions in favor of the respondent. Petitions by stranger to the record are not sufficient.

Argued Oct. 26, 1910. Appeal, No. 177, Oct. T., 1910, by Interdenominational Temperance Committee, from decree of associate judges in Q. S. Huntingdon Co., Feb. Term, 1910, No. 19, setting aside decree revoking liquor license of Samuel E. Blyler. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Petition to set aside decree revoking a liquor license.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree setting aside decree revoking liquor license.

*James S. Woods,* with him *W. B. Simpson* and *W. M. Henderson,* for appellant.—Where it is established that the licensee has violated the liquor laws, the court must revoke the license. It has no discretion: Templeton's License, 3 Pa. C. C. Rep. 434; Com. v. McCandless, 3 Pa. Dist. Rep. 30.

A decision rendered on a rule to open a judgment, is res adjudicata. The defendant must present his whole case: Shaw v. Blakey, 4 Kulp, 191; Schenck's App., 94 Pa. 37; Gordinier's App., 89 Pa. 528.

*Thos. F. Bailey,* with him *Samuel I. Spyker,* for appellee.—The associate judges had the power to enter the decree: Branch's License, 164 Pa. 427; Sperring's License, 7 Pa. Superior Ct. 131; Free's License, 33 Pa. Superior Ct. 348; Huntingdon County Line, 8 Pa. Superior Ct. 380.

OPINION BY MORRISON, J., November 21, 1910:

The county of Huntington has two associate judges and they with the president judge constitute the court in that county. On March 7, 1910, a retail liquor license was granted to the appellee to sell vinous, spirituous, etc., liquors in the borough of Huntingdon, Huntingdon county, during the year beginning on April 1, 1910.

The learned counsel for the appellants and appellee so nearly agree upon the facts that we are relieved of considerable labor in considering and disposing of this appeal. There is, however, a marked disagreement between the counsel in respect of whether or not the rule to revoke the appellee's license was granted by the court of quarter sessions, or, as contended by counsel for appellee, by President Judge WOODS at his home in Lewistown. Appellant's counsel contend that on April 14, 1910, a petition was presented to the court of quarter sessions of Huntingdon county, by the appellants, charging numerous violations of the liquor laws by the appellee, and that a rule was granted upon him to show cause why his license granted on March 7, 1910, should not be revoked. This rule was made returnable on May 2, 1910, to be heard before the court on May 9, 1910. On April 28, 1910, the appellee applied to the court for an order requiring the petitioners to file a bill of particulars, but such decree was refused by the court under an arrangement to take the testimony on behalf of the petitioners at the time fixed in the rule, and allow the respondent two weeks time in which to prepare his defense and offer his testimony. This arrangement was complied with, and the testimony in behalf of the respondent was taken on May 23, 1910. The petitioners, with their counsel, and the appellee, with

his counsel, appeared before the court, all of the judges being present, and after the examination of a large number of witnesses on behalf of the petitioners and respondent, and after argument by counsel, the three judges found that the respondent had violated the law, and on May 31, 1910, entered a decree revoking his license. This decree purports to have been made by the court with the concurrence of the three judges thereof.

Notwithstanding the contention of the counsel for the appellee that the granting of the rule and the hearing and the decree revoking the license were not the acts of the court of quarter sessions, we are disposed to assume, from the record as it appears, that the granting of the rule and the hearing and the decree were the acts of the court and not of the judges in vacation. From what is before us we cannot assume that the learned president judge of the court below would have permitted the record to be made up as of business transacted in open court if such was not the fact. The petition is addressed to the judges of the court of quarter sessions of Huntingdon county, and it is a conceded fact that all of the judges of that county sat and heard the testimony of a large number of witnesses and that the appellee and his counsel were present and were fully heard, and it appearing that the decree revoking the license was made and filed by the court and that no question was raised by the appellee or his counsel that the court of quarter sessions was not properly sitting, we cannot now assume the facts as contended for by appellee's counsel. It thus appearing that the court of quarter sessions, with a full bench, revoked the license of the appellee by a decree filed on May 31, 1910, and that the court then rose, we are of the opinion that said decree completely revoked and ended the license theretofore granted to the appellee. This brings us to the question of the power of the two associate judges to meet at a later date, in the absence of the president judge, and revoke the decree of May 31, 1910, and restore the license to the appellee. On June 20, 1910, the two associate judges re-

ceived and heard a petition, signed by a number of citizens, praying for a restoration of appellee's license, and made a decree thereon directing a hearing to be held on June 25, 1910. On the latter date, in the absence of the president judge, the two associate judges met at the courthouse for the purpose of reconsidering the decree of the court made on May 31, 1910. On that day, without hearing any new evidence, the associate judges filed a decree revoking the decree of May 31, 1910, and restoring the license of March 7, 1910, to the appellee. The decree is as follows:

"Now, this 25th day of June, 1910, upon rehearing and reconsideration of the testimony taken in the matter of the rule to show cause why the license of Samuel E. Blyler should not be revoked, No. 19, Feb. Tr. 1910; and upon the further consideration of a large number of petitions signed by a large number of citizens of Huntingdon county, it is hereby ordered and decreed that the decree of May 31, 1910, be and is hereby revoked; and the license granted by this court to Samuel E. Blyler on the 7th day of March, 1910, is hereby restored to the said Samuel E. Blyler with the restrictions and requests made in said order and decree of May 31, 1910. Costs of this proceeding to be paid by Samuel E. Blyler.

"By the Court.
"W. E. LIGHTNER, A. J.
"H. RICHARDSON, A. J."

On July 15, 1910, President Judge WOODS entered his dissent as follows:

"And now, July 15, 1910, the within decree having been brought to my notice, I hereby enter my dissent to said decree and on motion of the attorneys for the Interdenominational Temperance Committee an exception to the within order and decree is hereby granted and bill of exceptions sealed.

"J. M. WOODS, P. J. [Seal.]"

The assignments of error raise the question of the power

of the associate judges, not learned in the law, to make the decree of June 25, 1910. We call attention to the fact that the associate judges appear to have been influenced by a large number of petitions signed by a large number of citizens of Huntingdon county. This appears in their decree. It does not appear that the appellee ever petitioned the court for a rehearing. The action of the associate judges seems to have been brought about by a large number of persons signing petitions in regard to a case which had been disposed of by a final decree nearly a month before and with which they had no connection. If a solemn decree of a court, regularly entered, can be so brushed aside by associate judges, then decrees and judgments of courts of record will be of little value. It is contended by counsel for appellee that associate judges have the power to grant and refuse licenses. This is true, but that principle is beside the question we are considering. When the court of quarter sessions is duly convened for the consideration of licenses it is well settled that the associate judges can either grant or refuse a license disregarding the views of the president judge. But the question raised by this appeal is entirely different. It is contended that there is no exception in this record entitling the appellants to have it reviewed by this court. The view we take of it does not require an exception. The decree of May 31, 1910, made by the court of quarter sessions of Huntingdon county completely revoked and ended the appellee's license. The court then rose and that decree became the absolute judgment of the court and the remedy of any person aggrieved thereby was, first, by a rehearing on a petition or motion presented at the same term, and, second, by an appeal. But neither one of these remedies was resorted to. In our opinion, if the president judge had met with the associates and had signed the decree of June 25, 1910, with them, it would still have been an illegal decree and insufficient to legally destroy the decree of May 31, 1910, and restore the revoked license to the appellee. Decrees and judgments of courts of record are

binding and conclusive as to the subject-matter thereof where the court has obtained jurisdiction, and such decrees and judgments can only be set aside or reversed in the manner provided by law.

The decree of June 25, 1910, by the associate judges revoking the decree of May 31, 1910, is reversed, and the decree of May 31, 1910, revoking the license to appellee, granted March 7, 1910, is reinstated. Costs of this appeal to be paid by appellee.