## Leister's License.

*Liquor laws—Remonstrants—Parties—Quashing appeal.*

An appeal from an order granting a retail liquor license will be quashed where it appears that the parties named as appellants were "Interdenominational Church Temperance Committee," and "Woman's Christian Temperance Union," but the record does not show that either the committee or the union, or members of either body signed the original remonstrance.

Argued Oct. 30, 1913. Appeal, No. 197, Oct. T., 1913, by plaintiffs, from order of Q. S. Huntingdon Co., Feb. T., 1913, No. 2-a granting a retail liquor license on Petition of L. R. and W. S. Leister. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Appeal quashed.

Petition for retail liquor license.
Motion to quash appeal.

*R. A. Orbison*, for appellants.

*Samuel I. Spyker* and *William Wallace Chisolm*, for appellees.

PER CURIAM, December 8, 1913:

This is an appeal from an order granting a retail liquor license to the appellees after rehearing and re-

argument. This order, which, on its face, purports to be the action of the court, is signed by the two associate judges. The parties named as appellants are "Interdenominational Church Temperance Committee" and "Woman's Christian Temperance Union." The names of the persons constituting the former committee and the latter voluntary association are not set forth anywhere in the record, and whether they were residents of the borough or the county of Huntingdon, or even of the state of Pennsylvania, is left to conjecture. Nor does it appear that either of these bodies, as such, signed the original remonstrance, or that the signers were members of either of them. True, it appears that a paper was filed on August 9, 1913, signed in the names of these two bodies by their attorney, setting forth that they represented "the remonstrance filed against the granting of a license," etc., and specifying exceptions to the order made by the two associate judges on August 4, 1913, granting a reargument, and that on August 12, 1913, the court made this order: "Exceptions overruled and exception granted to remonstrant and bill sealed." It seems needless to say that the mere filing of this paper did not make the Interdenominational Church Temperance Committee and the Woman's Christian Temperance Union parties to the record in their own right, and that the order of court gave recognition only to the right of the signers of the original remonstrance. Indeed, it was only their right to object that was asserted in the paper. The case is very different from Wacker's License, 6 Pa. Superior Ct. 323, as will be shown by the following extract from the opinion of our Brother ORLADY: "One who is properly before the lower court as a remonstrant, and who is heard by that tribunal, is a proper appellant to this court. The remonstrance is signed by the 'Law and Order Society of Philadelphia, D. C. Gibboney, Secretary,' and the truth of the facts stated therein is vouched for under oath by C. B. Jones. The same parties ap-

pear here as appellants." Here the appellants were not remonstrants in the court below, and so far as appears or is alleged, they have no interest in the matter different from all other citizens of the commonwealth. This being so, and they not being parties to the record, they cannot be considered as parties aggrieved who have standing to appeal. It is contended that Blyler's License, 44 Pa. Superior Ct. 572, is a precedent which justifies these associations in appealing. But our recollection is, and in this we are confirmed by an examination of the paper-books and files of the case, so far as they remain in this court, that the question was not raised, and therefore was not considered. It is distinctly raised in the present case by the appellees' motion to quash, and after full consideration of the matters to which we have referred, our conclusion is that the motion must prevail.

The appeal is quashed.