## Froelich Brewing Company's License.

*Liquor laws—Appeals—Standing of appellant.*

An appeal from an order of the Court of Quarter Sessions granting a liquor license will be quashed where the record shows that the appellant was not an exceptant or remonstrant, or in any way a party in the court below. An affidavit filed by counsel when the appeal is taken that the appellant is of the "other citizens and residents" is not sufficient to sustain the appeal.

Argued May 7, 1915. Appeal, No. 94, Oct. T., 1915, by Robert B. Elzey, from order of Q. S. March T., 1915, No. 95, granting a brewer's license In re Petition of Frœlich Brewing Company. Before RICE, P. J., ORLADY,

560, (1915).] Assignment of Error—Opinion of the Court.

HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.

Appeal quashed.

Petition for brewer's license.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order granting the license.

*George Wanger,* with him *Francis R. Taylor,* for appellant.

*Wm. F. Dannehower,* with him *John B. Evans,* for appellee.

OPINION BY KEPHART, J., July 21, 1915:

Appellant's name does not appear among the exceptants in the court below. Its first appearance was when this appeal was taken to this court. When an appeal is taken from an order of a court granting a liquor license, it should be by one whose name appears on the record of the court below as a party exceptant or remonstrant. The affidavit filed by counsel when this appeal was taken that the appellant was of the "other citizens and residents," does not aid the appellant or cause him to be made a party to the record. Nor would the phrase "other citizens and residents" include this appellant. It is meaningless so far as these exceptions are concerned. Those who desire to except or remonstrate to the granting of a license must do so through their own names. They cannot remain unknown under a phrase such as here used, either for the purpose of adding weight to the exceptions or to enable an appeal to be taken by them. As was said in Leister's License, 55 Pa. Superior Ct. 371: "The appellants were not remonstrants in the court below, and so far as appears or is alleged, they have no interest in the matter different from all other citizens of the Commonwealth. This being so, and they not being parties to the record, they cannot be considered

as parties aggrieved who have standing to appeal": Lawrence County's App., 67 Pa. 87; Gibboney's App., 6 Pa. Superior Ct. 26; Wacker's License, 6 Pa. Superior Ct. 323.

The appeal is quashed at the cost of the appellant.