# Knights of Joseph Building and Loan Association *v.* Guarantee Trust & Safe Deposit Co.

*Banks and banking—Forging check—Duty of depositor—Notice —Appeals—Party aggrieved.*

The duty of a depositor of a bank upon discovering that it has paid and charged to his account either a check bearing his forged signature as a drawer, or his check on the forged endorsement of the payee, is to promptly notify it of the forgery, and if he delays to do so for five weeks and the bank has no information from other sources of the forgery, the depositor cannot hold the bank for the loss.

Where in an action by a depositor against a bank, to recover damages for payment of a check, the endorsement of which had been forged, the trial court erroneously enters judgment for the

plaintiff, a collecting bank, which had guaranteed the endorsement, has a standing, although not a party to the suit, to appeal the case as a party aggrieved within the meaning of the Act of May 22, 1722, Sec. 9, 1 Sm. L. 138.

Argued Oct. 12, 1917. Appeal, No. 172, Oct. T., 1917, by the Sixth Nat. Bank, from judgment of Municipal Court, Philadelphia Co., May T., 1916, No. 559, on verdict for plaintiff in case of Knights of Joseph Building & Loan Assn. v. Guarantee Trust & Safe Deposit Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass for failure to pay a check. Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $544.30. The Sixth National Bank appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*P. F. Rothermel, 3d,* with him *John Dickey, Jr.,* for appellant.—A bank is not liable in damages to its depositor for paying a check of the depositor in favor of a third person whose endorsement on said check is forged, where the fact of such forgery was unknown to the bank at the time of the payment of such check and at all times thereafter until notified of such fact by the depositor more than five weeks after the depositor had knowledge of such forgery: Myers v. Southwestern Nat. Bank, 193 Pa. 1; Connors v. Old Forge Discount & Dep. Bank, 245 Pa. 97; Marks v. Anchor Savings Bank, 252 Pa. 304; McNeely Co. v. Bank of North America, 221 Pa. 588.

The Sixth National Bank had a right to prosecute this appeal: Fowler v. Borough of Jersey Shore, 17 Pa. Superior Ct. 366.

*Leo Belmont,* for appellee.

OPINION BY TREXLER, J., March 2, 1918:

The plaintiff, the Knights of Joseph Building & Loan Association, through its proper officers on October 6, 1914, gave its check drawn on the Guarantee Trust & Safe Deposit Company to the order of B. Green. Keisler, the secretary of the association, forged the name of Green as endorser and secured the payment of the check, it having been forwarded through the Sixth National Bank which guaranteed the endorsement. The association was notified of the forgery February 24, 1915, but no notice of this fact was sent to the trust company until April 2, 1915. Appeal is taken by the Sixth National Bank which claims under the Act of May 22, 1722, to be a party aggrieved by the judgment.

(1) Has the bank a right to take this appeal? The language of the Act of May 22, 1722, Sec. 9, 1 Sm. Laws 138, is as follows: "That if any person or persons shall find him or themselves aggrieved with the judgment of any of the said courts . . . . . . it shall and may be lawful to and for the party or parties, so aggrieved, to have his or their writ or writs of error; which shall be granted them of course."

It is conceded that the bank was not a party to the suit in the court below and was notified to come in and defend but it did not appear. Thus it is concluded by the judgment as to all defenses set up in the action: Ayres v. Findley, 1 Pa. 501; Northumberland Co. Bank v. Eyer, 58 Pa. 97; Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366. In other words, if the judgment stands it will be required to pay it ultimately but if it be reversed it need pay nothing. Similar appeal statutes are found in many of the states and it has frequently been decided in other jurisdictions that it is not essential that appellant should be a party of record to the litigation in which the judgment is rendered or privy thereto. It is sufficient if he be aggrieved thereby: 2 Cyc. 627, 633. The language of our statute includes any

person who is injuriously affected by the judgment even if he has not appeared at the trial nor asked to intervene as a party. That the appellant is aggrieved by the judgment cannot be gainsaid and if that be admitted it would appear that his status under the act is definitely determined. A party aggrieved is one whose legal right is infringed and who by the decree complained of will 'suffer injury. If the trust company bring suit against the Sixth National Bank the latter would be bound by the judgment in this case, and could not deny the finding upon which it is necessarily founded, i. e., the endorsement was forged. It has a direct interest in the judgment, and is estopped by it from setting up any defense which was put in at the trial: Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366. Being estopped it has a right to appeal. If the matters involved in the present trial were open to collateral inquiry then no appeal by the bank would lie: Morris v. Garrison, 27 Pa. 226; Road Commissioners v. Fickinger, 51 Pa. 48. An executor or administrator may have a writ of error on a judgment against his decedent, an assignee for the benefit of creditors on a judgment against his assignor, and the sureties of an administrator may have an appeal for a decree against him, and a terre-tenant may sue out a writ of error in his own name, if he be aggrieved by the judgment without joining the legal parties: Troubat & Haly's Practice, 6th ed., page 1146. As we have said above we do not think that his appearance at the trial nor his intervention and becoming a party determines his right of appeal. Our duty is to follow the act and there is no limitation or qualification of the right to appeal if the fact appears that the party is aggrieved.

(2) Was the delay by the association in notifying the trust company of the forgery fatal to the plaintiff's right to recover? In McNeely Co. v. Bank of N. America, 221 Pa. 588 (592), the law is stated, "The duty of a depositor in a bank, upon discovering that it has paid and charged to his account either a check bearing his forged

signature as drawer or his check on the forged endorsement of the payee, is to promptly notify it of the forgery," and further on page 598, "When it is once shown that the plaintiff failed to give prompt notice of the discovery of the forgery, the plaintiff's right of action is gone. The law assumes, and does not find it necessary to conduct an inquiry to verify the assumption, that had the notice been given promptly, the bank might have taken steps to protect itself as against......(the forger)"; see Connors v. Old Forge D. & D. Bank, 245 Pa. 97; Lesley v. Ewing, 248 Pa. 135; Marks v. Anchor Savings Bank, 252 Pa. 304. Under the facts as fixed in this case the question as to whether prompt notice was given was for the court and the court should have given binding instructions for the defendant.

The assignments of error are sustained and the record remitted with direction that judgment be entered in favor of the defendant.