## Alloy Metal Wire Company, Inc., Appeal.

Argued January 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert F. Jackson,* for appellant.

*J. H. Ward Hinkson,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 21, 1938:

Alloy Metal Wire Company appealed from the Board of Revision of Taxes to the court of common pleas for a reduction of the assessment of its property in Prospect Park Borough. The Board and the company then filed a stipulation by which a reduction in value was agreed

upon, and the court below entered an order, establishing the assessment at the reduced figure. The Borough, not a party to the proceedings at any time, brings this appeal.

The Borough has no standing to appeal. To allow it would, in effect, permit the Borough to institute suit in this Court, a result not contemplated by the Act of May 22, 1933, P. L. 853. Section 520 of the Act did not make the various political subdivisions enumerated therein *parties* to the proceedings before the Board or the court below, when they do not appear. That section confers on the Borough, if aggrieved by an assessment, the right to appeal to the Board, the court of common pleas, or to the Supreme or Superior Court. But before appealing to this Court, the municipality must become a party to the case in the court below or before the Board. Section 520 provides that an appeal by a municipality shall be "subject to the same procedure, and with like effect, as if such appeal were taken by a taxable. . . ." And Section 519 specifically states that such appeals are to be taken "in the same manner as appeals are taken in other cases to the said Supreme or Superior Court."

Appellant's position is no better, as regards a review in this court, under our general appeal statute, the Act of May 22, 1722, 1 Sm. L. 131, Section 9.* That Act states ". . . any *person* . . . aggrieved with the judgment" may appeal, but it restricts the right of review in this Court to "the *party* . . . so aggrieved." The act provides therefore that all "persons aggrieved" to have the right to appeal should be *"parties aggrieved."*

---

* "If any person or persons shall find him or themselves aggrieved with the judgment of any of the said Courts of General Quarter Sessions of the Peace and Gaol Delivery, or any other Courts of Record within this province, it shall and may be lawful to and for the party or parties, so aggrieved, to have his or their writ or writs of error; which shall be granted them, of course, in manner as other writs of error are to be granted, and made returnable to the said Supreme Court of this province."

There is but one way to be made "a party" or litigant in a court, and that is to become one by appearing in the proceedings. Participation in some form in the court below is a requisite to appellant's right to review. See *Steel v. Bridenbach*, 7 W. & S. 150, where the court quashed appellant's writ of error, on the ground that he was in the position of a stranger, not a party to the suit, and hence could not appeal; that "if dissatisfied . . . he should . . . have been put on the record, in some shape, as one of the parties to the suit." We stated flatly in *Mechanics Nat. Bank of Trenton v. Buckman*, 253 Pa. 245, that where one "who appears in this court as an appellant was no party to the proceeding in the court below . . . the motion to quash the appeal must . . . prevail." It was held in *Froelich Brewing Company's License*, 60 Pa. Super. Ct. 560, and in *Gibboney's Appeal*, 6 Pa. Super. Ct. 26, that one not a remonstrant in the court below had no standing to appeal an order granting applicant a liquor license. See also *Force's Petition*, 265 Pa. 228, 229; *Spellman v. City of Scranton*, 17 Pa. Super. Ct. 223, 224; *Lapcevic v. Guardian Fire Ins. Co.*, 43 Pa. Super. Ct. 479. Cf. *Fish's Election*, 273 Pa. 410, 411; *Road Commissioners v. Fickinger*, 51 Pa. 48, 50. The case of *Knights of Joseph B. & L. Assn. v. Guarantee Trust & Safe Deposit Co.*, 69 Pa. Super. Ct. 89, cannot be treated as a precedent for a different rule.

Since the Borough was not a party of record to proceedings in the court below it has no standing to appeal. The Act of 1933, by providing in Section 402 that the assessment figures apply to taxation for Borough purposes, and in then granting to the Borough a right to appeal from this assessment, recognized that the assessors and the Board do not "represent" the Borough in such a sense that the Borough can be considered, through them, a party to the proceedings. The Act does not grant to one not a party below the right to appeal.

Appeal quashed.