Tollinger Estate.

Argued April 14, 1944. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Paul A. Mueller,* with him *J. Farrell Garvey,* for appellants.

*K. L. Shirk* and *J. Hay Brown, Jr.,* for appellee in No. 232.

*Leon J. Obermayer,* with him *George B. Clothier,* and *Edmonds, Obermayer & Rebmann,* for appellee in No. 236.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

May a testator create a valid trust which provides for the perpetual payment of income to the treasurer of a men's club of the Episcopal church and specifies the exclusive purpose for which said income may be expended? These appeals are from the decree of the court below awarding the trust fund of $5,000 to the named trustee in accordance with the terms of the will.

Alexander Tollinger died March 1, 1940, leaving a last will and testament dated the 26th day of December, 1928. He was survived by a son, Harry A. Tollinger, and the latter's three children. In the fifth paragraph of said will he bequeathed the sum of $10,000 to The National Bank of Malvern "to be held in trust, the income of which is to be paid to the Treasurer of the Men's Club connected with the Church of the Good Samaritan, Paoli, Pennsylvania. The income from said Trust Fund to be expended by the Treasurer of the Club exclusively

for food for banquets which they may have at any regular or special meeting or meetings. In the event that the said Men's Club . . . should at any time cease to exist, this said Trust Fund is to be continued and the income to be paid to any worthy, charitable cause at the discretion of [trustee] . . ." By a codicil to his will, dated May 15, 1934, the sum was reduced to $5,000. By paragraph 6 of the will testator created a trust fund of his residuary estate, the income from which was to be paid to Harry A. Tollinger, one of the appellants, for life, and at his death the principal to be paid to his lawful heirs, here represented by Louis C. Harnish, guardian ad litem, the other appellant.

Testator had been a member of the Men's Club of the Episcopal Church of the Good Samaritan for a number of years. The Men's Club is an unincorporated association, sponsored by the Church of the Good Samaritan. The purpose of the club, as shown by its constitution and by-laws, is "to afford to men facilities for social intercourse, instruction and rational recreation." It is more fully explained by the motto, "I shall pass through this world but once. Any good therefore that I can do, or any kindness that I can show to any human being, let me do it now, let me not defer or neglect it, for I shall not pass this way again." Protestants and Catholics alike belong to the club. The only prerequisites to membership are that the person must be a white man over the age of 18, and must be approved by the executive committee. The management of the club is vested exclusively in the rector of the church and an executive committee which is appointed by him. The club house is open two or three nights a week, when the members gather to play shuffle-board, volley-ball, basket-ball, bowling, or pool. Regular meetings are held every Thursday night in the parish house of the church. After each meeting refreshments, provided by two members at a cost not exceeding two dollars, are served. Although not provided for in the by-laws, it became customary to

hold an annual banquet. Testator created this trust to provide for the refreshments and the banquet "at any regular or special meeting or meetings" of the club.

Appellants contend that not only is the trust for the benefit of the Men's Club invalid because it violates the rule against perpetuities but that the limitation over to such charity as trustee should select is also void for remoteness *(Ledwith v. Hurst,* 284 Pa. 94; *Stephan's Estate,* 129 Pa. Superior Ct. 396, 409). Harry Tollinger contends that as to this $5,000 testator died intestate and the same should be awarded to him. The remaindermen contend that since there is a valid bequest of the residuary estate there can be no intestacy.

Distinction must be made between those cases wherein the issue is whether the organization is a charity within the meaning of statutes exempting them from taxation and those wherein the issue is the existence of a valid charitable trust. Cf. *Young Men's Christian Assn. of Germantown v. Philadelphia,* 323 Pa. 401, and *Barnwell's Estate,* 269 Pa. 443. In the former the test is whether there exists a "purely public charity"; in the latter, whether there exists a charitable trust. What may be a charitable trust is not necessarily a "purely public charity": *Barnwell's Estate,* supra, 447.

Gifts for the physical, mental or moral betterment of an indefinite number of persons have been broadly stated to be for charitable purposes: *Kimberly's Estate (No. 3),* 249 Pa. 483, 489. A charitable use may be applied to almost anything tending to promote the well-doing and well-being of social man: *Centennial and Memorial Assn. of Valley Forge,* 235 Pa. 206, 211. In the *Restatement, Trusts,* section 368, comment (b), it is stated: "A purpose is charitable if its accomplishment is of such social interest to the community as to justify permitting the property to be devoted to the purpose in perpetuity. There is no fixed standard to determine what purposes are of such social interest to the community; the interests of the community vary with time and place."

While the statute of 43 Eliz., c. 4 (1601) is not a statute of this Commonwealth, its principles are part of our common law: *Fire Insurance Patrol v. Boyd,* 120 Pa. 624, 644. The twenty-one purposes therein set forth were not all inclusive, and other purposes of the same general character are likewise charitable. See *Fire Insurance Patrol v. Boyd,* supra; *Restatement, Trusts,* supra, comment (a). Charitable uses may be unlimited in number and are not to be determined by the application of any narrow criterion. Whether a purpose is charitable must be ascertained from a consideration of all surrounding circumstances. A design to achieve objects beneficial to the community is common to all charitable purposes: *Restatement, Trusts,* supra, comment (a). The concept of a charity is continually broadening: *Episcopal Academy v. Philadelphia,* 150 Pa. 565, 572. A trust for the purpose of the advancement of religion has long been recognized as a trust for a charitable purpose: *Canovaro v. Brothers of The Order of St. Augustine,* 326 Pa. 76, 96; *Board of Home Missions v. Philadelphia,* 266 Pa. 405, 410; *Knight's Estate,* 159 Pa. 500, 502.

The uses to which the income from the trust here involved shall be applied must not be considered apart from the club and the church. It cannot be seriously contended that had the gift been to the club itself, unencumbered with the direction to use the income for food, the gift would not have been for a charitable purpose where it is established, as it is here, that the club is sponsored by and in complete control of the church. Refreshments after each regular meeting and the annual banquet are merely a means of maintaining interest in functions of the church. The element of fellowship present when a group breaks bread together cannot be ignored. That the gift is given to perpetuate a practice, the purpose of which is to assist and further the objects of the church, cannot operate to invalidate the gift. It is sufficient that the Men's Club is an adjunct of the

church and that it functions with a purpose to facilitate social intercourse, instruction, rational recreation and religious thought to the end that social well-being of the community might be enhanced. The language used by the testator clearly and definitely expressed his intention to make this bequest a trust for charitable purposes. After giving and directing the use of the income to the church club he added these words: "In the event that the said Men's Club . . . should at any time cease to exist, this said Trust Fund is to be continued and the income to be paid to any worthy, charitable cause at the discretion of [trustee] . . ." Viewing the gift in the light of the facts and circumstances presented by the record, this trust constitutes a gift for a charitable purpose. By so holding it is unnecessary to consider other issues raised.

Decree affirmed. Costs to be paid by appellants.