## Seitz Liquor License Case.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alexander J. Bielski,* for appellant.

*John M. Walker,* with him *Ray A. Liddle,* for appellee.

*Andrew G. Uncapher,* for Liquor Board.

OPINION BY RENO, J., July 19, 1945:

The question for decision is whether the County Court of Allegheny County has jurisdiction under the

Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess., P. L. 15, as amended, 47 PS §§744-1 et seq., to entertain an appeal by a resident property owner from an order of the Liquor Control Board granting a transfer of a restaurant liquor license to a location near appellant's residence. The facts are not in dispute and appear from the record which consists of appellant's petition to the court below for the allowance of an appeal, the licensee's motion for a rule to show cause why the appeal should not be quashed, and the court's opinion and order making the rule absolute.

Elmer Seitz was the holder of a restaurant liquor license for the premises 3419-21 Versailles Avenue, McKeesport, and in April, 1944, he posted notices on the building 3111 Versailles Avenue advising the public that he had applied for a transfer of his license to that address, which was within 300 feet of a public school. Appellant, who lives at 3108 Versailles Avenue, and others, petitioned the local school board, which also received notice of the application directly from the Liquor Control Board, to object to the transfer, but the school board resolved to take no action. Appellant and thirty-nine others thereupon protested to the board, which held a hearing and received testimony in favor of and in opposition to the granting of the transfer before entering its order permitting Seitz' license to be used at the proposed new location. Appellant's subsequent appeal to the court below was quashed by the order which is here for review.

Section 408 (a) of the Liquor Control Act, 47 PS §744-408, authorizes the board to grant transfers of licenses from one person to another or from one place to another in the same municipality, or both, and §403, 47 PS §744-403, prescribes the conditions precedent which must be met by the applicant before a transfer is warranted. Section 404, as amended by the Act of May 27, 1943, P. L. 688, 47 PS §744-404, so far as now material, provides: "The board may of its own motion and shall,

upon the written request of any applicant . . . whose application for . . . transfer has been refused, fix a time and place for hearing of such application . . . At such hearing, the board shall present its reasons for its refusal . . . The board shall thereupon grant or refuse the . . . transfer . . . Any *applicant* who has appeared before the board, . . . who is aggrieved by the refusal of the board to . . . transfer a . . . restaurant . . . liquor license, may appeal within twenty days from date of refusal to . . . the county court of Allegheny County . . . Such appeal shall be upon petition of the *applicant* . . . The court shall hear the application de novo at such time as it shall fix, of which notice shall be given to the board. The court shall *either* sustain the refusal of the board *or* order the issuance of the license to the applicant. *There shall be no further appeal. . . .*" (Italics supplied.)

It will be observed that the Liquor Control Act does not continue the provisions formerly made by §§3 and 7 of the Act of May 13, 1887, P. L. 108, as amended by Act of May 5, 1921, P. L. 407, for the filing of remonstrances and the hearing of remonstrants by the quarter sessions courts prior to the issuance of liquor licenses. Under the earlier laws, which imposed no limitation upon the right to appeal, this Court held that a disappointed remonstrant was a proper appellant from an order granting a license. *McCabe's License,* 11 Pa. Superior Ct. 560; *Wacker's License,* 6 Pa. Superior Ct. 323. Cf. *Froelich Brewing Company's License,* 60 Pa. Superior Ct. 560; *Leister's License,* 55 Pa. Superior Ct. 371; *Gibboney's Appeal,* 6 Pa. Superior Ct. 26. Under the present laws it is competent for persons objecting to the license to appear before the board or the court below to present their point of view, and thus to accomplish much the same object that was formerly attained from the hearing of remonstrants. *Weinstein and Murman's Liquor License Case,* 145 Pa. Superior Ct. 476, 21 A. 2d 431. Cf. *O'Donnell v. Pennsylvania Liquor Control*

*Board,* 351 Pa. 129, 40 A. 2d 392. To say that objecting citizens may appear and be heard is, however, far different from conceding that by so participating in the proceedings they become parties litigant entitled to an appeal on the merits or even a review on a writ of certiorari, either under the broad or restricted scope of that writ. The pointed omission of any reference to remonstrants in §404 of the Act, and the careful language restricting the right to appeal to *applicants* whose prayer for relief has been denied by the board demonstrate unequivocally that the legislature did not intend to confer upon objectors the status of parties, and that they are no more entitled to an appeal than are witnesses, disgruntled by the outcome of an ordinary action at law.

The relationship which must exist between a person and a cause before a right to appeal will arise, in the absence of special statutory authority, has been stated as follows in *Lansdowne Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867: " 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' " Any interest which appellant had in the outcome of the proceedings before the board was not direct and immediate, but was a collateral concern generated by his desire to protect the value of his property, which might be indirectly affected by the action of the board. This type of interest, however, is too remote from the issues involved in the transfer proceedings to support a right to an appeal. *State Board of Undertakers v. Sekula,* 339 Pa. 309, 14 A. 2d 308; *Easton Transit Company's Petition,* 270 Pa. 136, 112 A. 917; *Richardson's Appeal,* 30 Pa. 510.

Appeal dismissed.