## Wolf's License

*Maxwell Strawbridge* and *Henry Aaronson*, for appellant.

*Edmund P. Hannum*, for Pennsylvania Liquor Control Board.

*Harold W. Spencer*, of *Wright, Mauck & Hawes*, *John J. Speese* and *William Jay Leon*, contra.

DANNEHOWER, J., December 23, 1946, KNIGHT, P. J., and CORSON, J., concurring.—This appeal is before us from the refusal by the Pennsylvania Liquor Control Board to grant an application for a new restaurant liquor license for the Top Restaurant, premises 1415 City Line Avenue, Overbrook Hills, Lower Merion Township, Montgomery County, Pa. Applicant filed an earlier application with the board and hearing of objections withdrew it in March 1945. Applicant is a reputable individual, whose premises are conducted as a first-class bona fide restaurant and meet all the physical requirements for the license.

The Pennsylvania Liquor Control Board refused the license for two reasons: (1) That the premises to be covered by the license are located within 300 feet of the Convent of the Sacred Heart County Day School, which institution has filed an objection to the granting of the license; (2) a petition signed by a number of residents of the locality has been filed with the board objecting to the issuance of this license.

This matter was heard de novo by the court, and by agreement the court not only considered the evidence heard by the board on behalf of applicant and protestants, but heard additional cumulative testimony on behalf of protestants and also applicant.

When the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of June 16, 1937, P. L. 1762, gives the right of appeal to the court of quarter sessions, it does not intend that said court should become an independent licensing authority, but only that it should determine whether or not the board has abused its discretion and whether its orders are free from prejudice, abuse, bias and oppression, so as to prevent injustice.

With this principle in mind, this appeal raises three issues: (1) Are applicant's premises within 300 feet of a restrictive institution; (2) was there a waiver of the restriction by the board; and (3) do the protests form a sound basis for the board's action?

Section 403 of the Pennsylvania Liquor Control Act, provides, inter alia, that upon being satisfied that applicant and his premises meet the requirements of the act "the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, . . . Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or

public playground . . ." The act does not define the method to be used to determine the distance of 300 feet.

The board, under the authority given it by section 202 of the act, has adopted regulations in which is included "Chapter II. Measurement of Distance between Premises to be Licensed and Churches, Schools, etc." Section 17 establishes the method for "Measurements to Schools and Public Playgrounds" as follows:

"Provided, however, that in calculating the distance between the fixed point and a public playground or a public school building, erected back from the street (the school yard or ground shall be considered as a public playground) the measurement shall be made from a point on the curb or street line directly opposite the property line of such playground nearest the fixed point on the same or the other street. However, when there is no school yard or ground, the measurement shall be made as hereinbefore stated.

"In the event the respective buildings are situate on different streets, then the measurements shall be made in an air line from the fixed point on the one street to the line of the intersection of the two streets nearest the other building or playground, and thence in an air line on the other street to the point established thereon in the manner hereinbefore stated.

"All measurements shall be made along public streets, roads or highways".

The Pennsylvania Liquor Control Board found as a fact and the evidence establishes that the premises proposed to be licensed are located within 300 feet of the playground of the Convent of the Sacred Heart Country Day School. Measuring from a point on the curb opposite the entrance to these premises down City Line to the property line of the playground is exactly 281 feet. This measurement is in accordance with the rules of measurement as set forth by the board. The courts in passing upon these exact rules have held

that in the absence of a legislative direction for measurement the board properly adopted a rule for uniformly determining the distance and that the method adopted was not an abuse of its discretion: Betoff's License, 36 D. & C. 32 (1939) ; Elmen's License, 51 D. & C. 477 (1944).

However, applicant contends that the board's rule of measurement as applied to these premises is arbitrary, unreasonable and unjust. The Convent of the Sacred Heart Country Day School occupies a large tract of ground on the northeast corner of the intersection of City Line and Haverford Road. There is a frontage of 792 feet along City Line and 1,320 feet on Haverford Road. The gate or entrance to the convent is on Haverford Road 895 feet from the intersection. The school buildings are located approximately in the center of the tract 142 feet back of Haverford Avenue, and the entire grounds are surrounded by a nine-foot fence, the lower half of which is solid brick and the upper half an iron grille. Behind the fence for a depth of 75 feet the area is covered with small trees and shrubbery. The actual playground area begins more than 300 feet from the entrance to the premises proposed to be licensed. The shortest walking distance from the door of applicant's establishment down City Line and up Haverford Road to the entrance to the convent is approximately 895 feet. The evidence also established that the grounds about the building and within the property line are being used as a playground, part thereof having playground equipment, and that there was no separation of one part of the grounds from the other, which would justify the conclusion that the rule of the board's regulation ("the school yard or ground shall be considered as a public playground") is not applicable. We are therefore of the opinion that the board's uniform rule for measurement of the distance from the premises for which a license is sought to the school or public playground is not an abuse of discre-

tion. We will not determine appeals of this kind by imposing our mathematical excellence upon the board's sanction and say that the board by its rules of measurement has been too exact in carrying out the legislative purpose, and has gone beyond wise discernment to become unreasonable, arbitrary and unjust.

Applicant further contends that the board by granting a restaurant liquor license to the Tower Grill in 1944, which is almost opposite applicant's premises on the other side of City Line in Philadelphia County and within 300 feet of the convent playgrounds, has waived the restriction; and having once granted a license within the restricted area, every application for a license within that area which complies with the statute and regulations of the board must be granted, otherwise its action is not uniform, equal and impartial and is a plain abuse of discretion: Appeal of Nunziato Rascona, 56 D. & C. 473 (1946). With this contention and case just cited, we certainly cannot agree. First of all, the act makes the granting of a license within the restricted area discretionary with the board and it must go through the process of passing upon each application separately in all of its phases in exercising that discretion. Discretion in its exercise necessarily involves a consideration of circumstances. Each case has its own and rests on its own basis. The legislature undoubtedly recognized that in a given case there might be no objection to the existence of one licensed establishment near a church or school, but the situation would be vastly different if such an institution were surrounded by such establishments in close proximity. Such a position completely ignores the right of protestants and likewise would prevent the board from remedying a faulty exercise of its discretion, if it subsequently determined that the granting of the first license was an error of judgment. We agree with Judge Laub in Easton Athletic Club License, 27 Northampton, 349 (1940), when he said in a similar case:

". . . this is no reason why the appeal should be sustained, because appellant is not in a position to attack the granting of the license to said American Legion Post".

The instant case provides a good illustration of why the restriction is discretionary and not absolute. The existing license is held by an establishment in the City and County of Philadelphia across City Line Avenue, one of the main arteries of motor vehicle traffic in this area, whereas the applicant's establishment and the restrictive institution as well as the many residences of the individual protestants are located in Lower Merion Township, Montgomery County. The distinction between the two with regard to proximity and separation stands out in the evidence.

We are also convinced that the board may and should consider in the exercise of its discretion not only the protests of the institutions specifically affected but also the rights of individuals in the surrounding communities. In the present case, the Convent of the Sacred Heart by witnesses and their counsel, officials of the Friends school five or six blocks distant with 450 students, and numerous individual protestants were opposed to the granting of this new license within this restricted area on the broad grounds of public health, peace and morals, which after all is good sense and sound policy. In Seitz Liquor License Case, 157 Pa. Superior Ct. 553, 555 (1945), Reno, J., said:

"Under the present laws it is competent for persons objecting to the license to appear before the board or the court below to present their point of view, and thus to accomplish much the same object that was formerly attained from the hearing of remonstrants."

Therefore, with this evidence before us which shows that applicant's premises are within 300 feet of a school playground, which school together with numerous residents in the vicinity have vigorously protested against the grant of a liquor license, we find that the

discretion given the Pennsylvania Liquor Control Board under the act has not been abused or arbitrarily or unreasonably exercised, and we therefore make the following order:

And now, December 23, 1946, the action and order of the Pennsylvania Liquor Control Board in refusing a restaurant liquor license for premises 1415 City Line Avenue, Overbrook Hills, Lower Merion Township, Montgomery County, Pa., is hereby sustained. The appeal is dismissed at appellant's cost.