## Toppo License

*George J. Barco,* for appellant.

*Samuel J. Roberts,* for Pennsylvania Liquor Control Board.

MOOK, P. J., August 20, 1948.—East Mead Township, Crawford County, has a population of 812 according to the last official census. Until 1948 no liquor or beverage licenses had been issued by the Pennsylvania Liquor Control Board for that township. It was, therefore, possible, under the Quota Law, for the Liquor Control Board to issue but one restaurant liquor license for the township.

On or before January 2, 1948, two persons applied to the Liquor Control Board for a restaurant liquor license in this township. One was Silvester R. Toppo, appellant here, and the other was one Jerome G. Zimmerman, a resident of that township.

Licenses in the district of which Crawford County is a part may be issued by the board twice a year, on February first and August first.

The board, however, did not immediately issue a license to either one of these applicants. Instead, after conducting the usual investigation, it ordered that a

hearing be held on both applications. A hearing was thereafter held before an examiner of the board in the City of Erie on or about March 15, 1948, at which both applicants were present and were heard. Thereafter, the board issued a license to Zimmerman and then refused Toppo's application on the ground that the quota had been filled.

Toppo appealed to this court from the refusal of the Liquor Control Board to grant him a license.

Testimony was taken before the court which tended to establish that although Zimmerman's application was filed prior to January 2, 1948, as it had to be under the board regulations, he did not actually open for business until January 15, 1948, whereas Toppo was conducting his restaurant regularly ever since the application was filed. Other testimony showed that Toppo's place is on a better road and more accessible than Zimmerman's and also is better equipped physically.

Objection was made by the counsel for the Liquor Control Board to the admission of all this testimony. We, however, allowed the testimony subject to the right to pass upon its admissibility upon further consideration of the case. We now conclude that the testimony is incompetent on this appeal and, therefore, must be ruled out.

We have reached this conclusion because it seems clear to us that we are absolutely powerless to sustain this appeal. The testimony and argument of appellant's counsel would be material if appellant had appealed from the action of the board in granting a license to Zimmerman, which he had a right to do, as he had a direct, substantial, immediate and pecuniary interest in that matter: Seitz Liquor License Case, 157 Pa. Superior Ct. 553; Appeal of Michael Markvan, County Court of Allegheny County, no. C 1663 of 1946.

But no appeal was taken from that action of the board, and the court has no power whatever on this appeal to order the board to withdraw Zimmerman's license and grant one to appellant. Likewise, we have no power to order the board to grant another license in excess of the quota to appellant, Toppo, even though it may appear to us that he was otherwise fully qualified to have a license.

To hold otherwise could bring about a wholly absurd result. Suppose, for instance, 10 different persons had filed an application for a license in East Mead Township. The board could only grant one license. According to appellant's argument, if each of the other nine appealed from the board's refusal to grant them a license and each could produce testimony that they were better qualified to have a license than the one that received it, we would have to sustain each appeal and order the board to grant a license, so that instead of there being one license in the township as contemplated by the law, there would be 10.

Appellant argues that the court in this case could order the board to grant him a license and order a cancellation of the Zimmerman license. As we have said, there is nothing in the Liquor Control Act to give the court the power to order the board to cancel or withdraw such a license, where no appeal is taken from the action of the board granting the license; furthermore, even if such power did exist it would be most inequitable so to do in this proceeding as Zimmerman is not a party to it, has never had any notice of it and, of course, has not been heard.

Thus counsel's strong and persuasive argument that his client has been done an injustice by the Liquor Control Board can avail him nothing in this proceeding since we cannot, under the law, order the issuance of more than one restaurant liquor license in East Mead Township; such an argument would have been

proper for us to consider had an appeal been taken from the order of the board granting a license to the other applicant, but that was not done.

### Order

And now, August 20, 1948, after hearing in open court and careful consideration of the evidence, the appeal is dismissed.