Argued November 14, 1949.
Dominic R. Giammaria and his wife entered into an agreement to purchase the business and liquor license of Salvatore Fittante in Ambridge Borough, subject to the approval of the Pennsylvania Liquor Control Board to transfer the Fittante license to Giammaria (person *Page 265 
to person), and also to transfer it to a different location (place to place). The Liquor Control Board refused the transfer and on appeal by the applicant the court below heard the case de novo and granted both transfers. At the hearing before the board objections were filed by the American Bridge Company, which owned a large industrial establishment directly across the street from the place to which the license was to be transferred. It also appeared on the appeal de novo before the court of quarter sessions. Following the order of the quarter sessions directing said transfers to issue, the Pennsylvania Liquor Control Board took no further action, but the American Bridge Company took an appeal to this Court.
At the outset is the question whether the American Bridge Company has any standing to appeal from the order complained of, i.e. whether it is a party aggrieved. In Seitz LiquorLicense Case, 157 Pa. Super. 553, 556, 43 A.2d 547, we said: "To say that objecting citizens may appear and be heard is, however, far different from conceding that by so participating in the proceedings they become parties litigant entitled to an appeal on the merits or even a review on a writ of certiorari, either under the broad or restricted scope of that writ. The pointed omission of any reference to remonstrants in § 404 of the Act, and the careful language restricting the right to appeal to applicants whose prayer for relief has been denied by the board demonstrate unequivocally that the legislature did not intend to confer upon objectors the status of parties, and that they are no more entitled to an appeal than are witnesses, disgruntled by the outcome of an ordinary action at law." Citing Lansdowne Board of Adjustment'sAppeal, 313 Pa. 523, 525, 170 A. 867, we further said (p. 556): "Any interest which appellant had in the outcome of the proceedings before the board was not direct and *Page 266 
immediate, but was a collateral concern generated by his desire to protect the value of his property, which might be indirectly affected by the action of the board. This type of interest, however, is too remote from the issues involved in the transfer proceedings to support a right to an appeal." In PennsylvaniaCommercial Drivers Conference et al. v. Pennsylvania MilkControl Commission et al., 360 Pa. 477, 483, 62 A.2d 9, Mr. Justice LINN made a careful review of the restriction of the right of appeal to persons aggrieved, and pointed out that a person could be adversely affected and still not be a person aggrieved. Among the citations was the Seitz case, supra.
It is argued that the American Bridge Company is a party aggrieved because it is the owner of what is stated to be a public playground, located within 300 feet of the place proposed to be licensed.[1] This argument is based upon the fact that in the Azarewicz Liquor License Case, 163 Pa. Super. 459,62 A.2d 78, we upheld the right of a church to appeal when the establishment sought to be licensed was within 300 feet thereof, because the legislative intent was clear that a church had a direct interest to protect and to be protected, and was (statutorily) given a status above and different fromthat of a remonstrant. If the present appeal were taken by the proprietor or governing body of a public playground a different situation might have been presented. But the court below found as a fact, unquestionably correct, that the playground in question was not a public one. It was neither owned nor operated by any public authority, nor had there been any dedication thereof to any municipal corporation or to the public. It was merely a playground which members *Page 267 
of the public, particularly children, might permissively use. Since the right of user by the public was by sufferance only, and since the American Bridge Company retained the right, as it undoubtedly did, to exclude any member of the public therefrom, or to withdraw and revoke all permission to use the same, — this playground was not a public one.
The question is also raised that a plan of lots which included the premises sought to be licensed prohibited the sale of intoxicating liquor therein. But the court below found from ample evidence that there had been a waiver and abandonment of the restriction, and that at the time of hearing 42 licenses were in effect within the alleged prohibited area. It may also be added that the American Bridge Company was not a privy to the plan of lots, nor a holder of land thereunder.
Appeal quashed.
[1] The Liquor Control Board made no findings on this, nor did it predicate its action on this feature.