## Jackson Appeal

*Abraham J. Levinson*, for petitioner.

*Russell Wismer*, for respondent.

*Jacob J. Siegal*, for City of Philadelphia.

*Henry A. Frye* and *Robert A. Webster*, for appellant.

REIMEL, J., December 18, 1958.—This matter comes before the court on petition and rule to show cause why the appeal of Agnes L. Jackson, Roscoe C. Wormley and William H. Ricker, each individually and on behalf of the Neighborhood Improvement Association, should not be quashed. The appeal is from the action of the Pennsylvania Liquor Control Board in approving the application of 1900 Dickinson, Inc., for transfer of restaurant liquor license to premises 1441 South Nineteenth Street, Philadelphia. Petitioner alleges that appellants, individually and as members of the Neighborhood Improvement Association, have no right of appeal under section 464 of The Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-464.

An answer was filed wherein appellants allege, under new matter, that the association is a charitable institution which holds its meetings within 300 feet of the premises in question. An answer was filed by the appellee denying that the association is a charitable institution. Thereafter the parties, through counsel, entered into a written stipulation that the association is unincorporated, is composed of 350 members who reside within one block radius of the premises, that it was organized June 19, 1958, three days after notice of the application for transfer was posted on the premises, that its purpose is to prevent the neighborhood from becoming a slum area, that it does not own, lease or occupy any real property and has held its meetings in a funeral parlor conducted by a member at 1500 South Nineteenth Street, although meetings have not been held exclusively at that address.

The City of Philadelphia filed a petition to intervene as a party appellant alleging that it is charged with the duty of preserving the public peace and welfare of the community.

It is well settled that individual citizens do not have the status of parties who have a right of appeal under the Liquor Code: Seitz Liquor License Case, 157 Pa. Superior Ct. 553; Zermani Liquor License Case, 173 Pa. Superior Ct. 428; 47 PS §4-464. It is also well settled that the liquor board may, in its discretion, grant or refuse the application if it is within the prohibited distance of a charitable institution: Obradovich Liquor License Case, 386 Pa. 342, 347. Moreover, this court may not substitute its discretion on the same facts for the administrative discretion vested in the board: Booker Hotel Corporation Liquor License Case, 175 Pa. Superior Ct. 89, 92, 93.

The somewhat novel questions presented to this court are two-fold: (1) Is the Neighborhood Improvement Association a charitable institution within the meaning of section 464 of the Liquor Code, 47 PS §4-464; and (2) is the City of Philadelphia entitled to intervene as a party appellant?

It is virtually impossible to formulate an all-inclusive legal definition of a charity because of the infinite variety of classes of charities and the objects of their beneficence. A charitable use as defined by Perry on Trusts and adopted by our Supreme Court is: "A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well-being of social man": Centennial and Memorial Association of Valley Forge, 235 Pa. 206, 210, 211. In Pennsylvania the concept of what constitutes a charity is continually broadening: Tollinger Estate, 349 Pa. 393, 397.

There is no basis for ascribing a restricted meaning as to what constitutes a charitable institution under

the Liquor Code because the code is designed to prohibit the open saloon and is an exercise of the police power for the protection of the public welfare, health, peace and morals of the people: Subers Liquor License Case, 173 Pa. Superior Ct. 558; 47 PS §1-104.

The Neighborhood Improvement Association was formed for the purpose of preventing the neighborhood from becoming a slum area. Such purpose is a lawful one and is designed to benefit indefinite numbers of persons from a physical and social standpoint and is within the meaning of a charity as clarified by our appellate courts. See Funk Estate, 353 Pa. 321, 324; Fire Insurance Patrol v. Boyd, 120 Pa. 624, 645; Episcopal Academy v. Philadelphia, 150 Pa. 565; Betts v. Young Men's Christian Association of Erie, 83 Pa. Superior Ct. 545, 550, 551, 553.

The Neighborhood Improvement Association is a voluntary association of 350 members acting together for the prosecution of a common enterprise and as such is recognized as a legal party appellant. The members who have filed the appeal on behalf of the association are trustees ad litem for the association: Pa. R. C. P. 2152.

We now come to a discussion of the right of the City of Philadelphia to intervene as a party appellant.

While the Liquor Code, as presently enacted, does not permit individual citizens to appeal, the city contends that it has such right. The petition filed by the city alleges that it appeared at the hearing before the examiner to protest the transfer of the license on the ground that it will bring undesirable persons into and will disturb the quiet of the neighborhood.

The legislature has enacted that the Liquor Code shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth: 47 PS §1-104. Under its police power the City

of Philadelphia has the right to take such actions as may be deemed necessary for the preservation of the peace and for the protection of the health, morals and welfare of its citizens. This right is quite different from that of a municipality under the guise of a zoning ordinance to regulate the business of dispensing liquor as contended by the appellee: Hilovsky Liquor License Case, 379 Pa. 118, 121.

The City of Philadelphia is engaged in a gigantic project of housing development by upgrading old sections of the city in ridding them of slum areas and places for breeding crime and disorder and while the city may not intervene as of right this court, in the exercise of its discretion, will permit the joinder of the city as a party appellant in the interests of justice.

The court, therefore, enters the following:

*Order*

And now, to wit, December 18, 1958, the petition and rule of the appellee to show cause why the appeal should not be quashed is dismissed; and the petition and rule of the City of Philadelphia to show cause why the city should not be permitted to intervene as a party appellant is made absolute.