## Petition for Associated Theatres

*Robert L. Ceisler*, for appellant.

*Mitchell A. Kramer*, Assistant District Attorney, for Commonwealth.

SWOPE, P. J. (Specially Presiding), February 19, 1962.—On September 22, 1960, Associated Theatres petitioned the Pennsylvania Industrial Board under section 518 of the Fire and Panic Law, Act of May 18, 1937, P. L. 654, 35 PS §1221, to reopen the Washington Theatre in Washington. Subsequently, on November 22, 1960, a hearing was held before the Industrial Board upon petition filed by Basle Theatres, Inc., objecting to the reopening of the theatre on the ground that the structure did not conform to the requirements set out under the act in question. As a result of that hearing, the Industrial Board, on February 21, 1961, granted the petition of Associated Theatres to reopen the theatre, providing a smoke barrier was installed between the foyer and inner lobby. From this adjudication and order, Basle Theatres, which operates a movie establishment one-half block distant from the Washington Theatre, filed an appeal. The Industrial Board filed a motion to quash on the grounds that appellant has no direct interest in the subject matter of this case and, hence, has no standing to bring the appeal. It is this motion to quash which is now before this court.

The Fire and Panic Law does not specifically provide for an appeal in situations such as the one with which we are presently concerned. The matter of appeal and the determination of those who shall be entitled thereto is governed, instead, under the provisions of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710. Section 41 of that act, 71 PS §1710.41, provides:

"Within thirty days after the service of an adjudication . . . any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom . . ."

The narrow question to be here decided, therefore, is whether Basle Theatres, Inc., is such an aggrieved person, with a direct interest in the board's adjudication as to entitle it to appeal under the provisions contained in the Administrative Agency Law, as cited.

In State Board of Funeral Directors v. Beaver County Funeral Directors Association, 10 D. & C. 2d 704, 707, 70 Dauph. 118 (1957), which presented a situation similar to the instant case and which involved an interpretation of the same provisions of the Administrative Code here at hand, our learned Judge Neely stated, at page 707, in quashing the appeal:

". . . In our judgment, under the Administrative Agency Law, only a person affected by a decision of an agency, who has an immediate and direct interest therein and is aggrieved thereby, has the right to have the adjudication of an administrative agency reviewed in this court. And persons who are only remotely and indirectly affected by an adjudication have no right to a judicial determination of any question decided by an agency coming within the purview of the Administrative Agency Law. . . ."

In that case, an individual applied for examination and licensure by the Funeral Directors Board and, after hearing, the board decided that he could take the examination. Appellants, an association of funeral directors in Beaver County, appeared before the board at that hearing and then filed their appeal, questioning the right of the board to issue such an adjudication. This court then held that, since the funeral directors' association had no direct interest in the issuance of the license nor were they an aggrieved party, they had no right to appeal.

In the present case, even though appellant herein appeared at the hearing before the Industrial Board, absent specific provision allowing an appeal, it does not follow automatically that it has acquired the status to permit it to take such action.

In a case involving the Pennsylvania Public Utility Commission (Arsenal Board of Trade v. Pennsylvania Public Utility Commission, 166 Pa. Superior Ct. 548 (1950) ) the Pennsylvania Superior Court, in discussing the right to appeal in that case said, at pages 551-552:

"Every person who files a protest in a proceeding pending before the Commission, and who is given an opportunity to testify, is not ipso facto a party to the proceedings with a right to maintain an appeal from the Commission's order. Cf. Seitz Liquor License Case, 157 Pa. Superior Ct. 553, 556, 43 A. 2d 547; State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc., 339 Pa. 309, 313, 14 A. 2d 308. . . ."

Noting that the statute there limited the right of appeal from the commission's order to "any party to the proceedings affected thereby," the Superior Court said, at page 552 of the Arsenal Board of Trade case, supra:

"The right of appeal requires that an appellant be (1) a party to the proceedings, and (2) affected thereby. The matter of parties in administrative proceedings is basically statutory. 'Party to the proceedings' is not specifically defined. Whether a particular person shall have the right to contest administrative action is largely a question of law dependent upon a number of variable factors. Among them are the nature and extent of the person's interest, the character of the administrative act, and the terms of the statute . . ."

And see Pennsylvania Commercial Drivers Conference v. Pennsylvania Milk Control Commission, 360 Pa. 477, 483, 62 A. 2d 9, 13, where the court, citing

Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, said, at page 483:

" 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' "

See also Giammaria Liquor License Case, 166 Pa. Superior Ct. 263, 70 A. 2d 402.

There is no doubt that appellant has an interest in the proposed opening of the Washington Theatre. Appellant presently operates a movie-house in Washington, located within one-half block from the Washington Theatre, on the same side of the street. But the mere fact that appellant is faced with the prospect of increased competition, even to its detriment, is not sufficient to render it an aggrieved party nor its interest sufficiently direct to support its present appeal.

In the case of Ritter Finance Company, Inc., v. Myers, 401 Pa. 467 (1960), the Supreme Court decided a case similar to the instant matter and came to the same conclusion as this court did in the Beaver County Funeral Directors case. The Ritter Finance Company case involved an application by Household Finance Company, a small loan company, to the Secretary of Banking to open a branch office. Ritter Finance Company, which had an office in the vicinity, appeared at a hearing before the Secretary of Banking on the application and filed objections thereto. The court quashed the appeal, holding, at page 476, that appellant ". . . has only a remote and not a direct, immediate and substantial interest in the grant or refusal of

this license and hence has no legal status to appeal from an Order of the Department of Banking which grants a small loans license to an alleged competitor."

As in the Ritter case above, the only connection Basle Theatres had in the matter before the Industrial Board was that they were permitted to present their views and opinions as well as testimony to support their view regarding the safety of the building. They were witnesses; at most, protesting witnesses. As has been stated above, protesting witnesses have no standing to take such appeal without specific statutory authority of which here, there is none.

Appellant urges that it has a right to appeal in behalf of the public interest. It cannot be denied that the public has a vital interest in the preservation of safety in the operation of theatres, indeed, in the operation of all facilities for the accommodation of public gatherings. The very existence of the Fire and Panic Law, under which the petition of Associated Theatres was granted, is eloquent evidence of that need. But not every citizen has the right to interject himself directly in the filling of that need. The Industrial Board, acting as it does in a public capacity, is the instrumentality which is charged with the guardianship of the public safety. We must assume that this was what the legislature intended when it placed responsibility for the administration of the Fire and Panic Law in the hands of the board. To allow every citizen to proceed independently to press his own concepts relative to filling the need for public safety by allowing promiscuous appeals from the actions of proper governmental agencies charged with the primary responsibility in this regard would result, not in increased public safety, but rather would merely create a crowded and chaotic condition in the courts. Appellant was granted the privilege of presenting its views before the board at the hearing held on this matter. Having failed to estab-

lish that its interest goes beyond a general concern for the public safety, it must content itself with that presentation.

Our attention has been directed by appellant in its brief and argument to only one case which it suggests establishes its right to appeal. This is Delaware County National Bank v. Campbell, 378 Pa. 311 (1954). This case is distinguishable from the case at hand. It involved an appeal directly to the Pennsylvania Supreme Court from an order of the Pennsylvania Banking Board, which had approved the proposed merger of Fidelity-Philadelphia Trust Company and First National Bank of Chester. In the merger, it was proposed that the merged bank would establish a branch office in Chester, to which the Delaware County National Bank objected; hence, the appeal. As here, a motion to quash was filed by Fidelity-Philadelphia Trust Company and the Attorney General of Pennsylvania, on the grounds, inter alia, that the Delaware County National Bank had no standing to appeal. In holding that the national bank had a standing in the case, that it was a proper party in interest and possessed the right to appeal, the Supreme Court, although it could not at that time have had in mind the particular case here at hand, nevertheless, clearly rendered it distinguishable, prospectively, in the following language found at page 324 of its opinion:

". . . The community of interest in our dual banking system must not be overlooked or destroyed and the experience of 1933, which resulted in part from overbanking, should not be forgotten. If a drug store or a large department store should fail it would not adversely affect, but would probably benefit a drug store or large department store on the opposite corner of the street. This is not true in the banking world. If one or more banks fail in a community, 'runs' may and often do occur on other banks and the entire banking com-

munity will likely be shaken or destroyed to the injury of depositors, creditors, stockholders and the banking world alike. . . ."

Thus, the Supreme Court extended the right to appeal on the basis of the widespread and possibly disastrous effects which might attach to "overbanking" or "underbanking" in a community, directly affecting the public and the entire banking structure therein. The court carefully pointed out, however, that these same considerations would not be available to establish a similar right to appeal in a case involving a drug store or a department store. We now conclude that the reasoning of the Supreme Court in the Delaware County National Bank case also precludes the existence of the right to appeal in the instant case involving a theatre. See also Ritter Finance Company, Inc., v. Myers, 401 Pa. 467 (1960), wherein the Supreme Court refused to extend the holding in the Delaware County National Bank case to a case involving an appeal by a small loans company.

Accordingly, being of the opinion that appellant has failed to establish that it has a direct interest or that it is aggrieved by the adjudication of the Industrial Board granting the petition of Associated Theatres to reopen the Washington Theatre in Washington, and for want of a qualified appellant, the motion to quash is granted herewith and this nineteenth day of February, 1962, the appeal is quashed.