

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2003

# Rosado v. Ford Mtr Co

Precedential or Non-Precedential: Precedential

Docket No. 02-3356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Rosado v. Ford Mtr Co" (2003). *2003 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 23, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-3356 & 02-3357

WILLIAM ROSADO,
*Appellee in No. 02-3356; Appellant in No. 02-3357*

v.

FORD MOTOR COMPANY,
*Appellant in No. 02-3356; Appellee in No. 02-3357*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 00-cv-00046 )
District Judge: Honorable A. Richard Caputo

Argued April 23, 2003

Before: SCIRICA, *Chief Judge*,\* AMBRO and
WEIS, *Circuit Judges.*

Filed: July 23, 2003

Carla W. McMillian, Esquire
 (ARGUED)
Daniel G. Flannery, Esquire
Rosenn, Jenkins & Greenwald,
 L.L.P.
15 South Franklin Street
Wilkes-Barre, Pennsylvania 18711

\* Judge Scirica began his term as Chief Judge on May 4, 2003.

John H. Fleming, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street, N.E.
Suite 2300
Atlanta, GA 30309
  *Attorneys for Ford Motor Company*

Paul A. Barrett, Esquire (ARGUED)
O'Malley, Harris, Durkin &
 Perry, P.C.
345 Wyoming Avenue
Scranton, PA 18503
  *Attorneys for William Rosado*

---

## OPINION OF THE COURT

WEIS, *Circuit Judge.*

In this appeal, we are asked to respond to a certified question of law — whether a prospective purchaser of an automobile dealership has standing to challenge the exercise of a manufacturer's right of first refusal. We conclude that the Pennsylvania Board of Vehicles Act grants only limited rights to a prospective purchaser and they have not been infringed. Accordingly, we answer in the negative and remand for appropriate disposition of the case.

In 1999, John S. Lopatto, Jr. and Ann S. Lopatto, the owners of a Ford distributorship in Plymouth, Pennsylvania, agreed to sell their business to the plaintiff William Rosado. The agreement included the purchase of the dealership assets and real estate for $545,000, less certain credits.

Pursuant to the terms of the franchise, the purchase agreement was submitted to defendant Ford Motor Company, which chose to exercise its contractual right of first refusal. In accordance with statutory provisions, Ford gave timely notice to Rosado and offered to pay his reasonable expenses incurred in connection with the aborted purchase agreement. In addition, the Lopattos offered to return the $5,000 non-refundable deposit that

Rosado had paid to them. Ford assigned its rights under the agreement to another party in the area, who then purchased the dealership.

Rosado alleges that as a result the Lopattos received less compensation than they would have had they sold to him. However, the Lopattos do not dispute that they received all of the consideration that they were due under the terms of the Rosado agreement.

Rosado filed suit in state court and Ford removed to the District Court. The complaint asserted tortious interference with contractual rights and violations of the Pennsylvania Board of Vehicles Act, 63 P.S. §§ 818.16, and 818.12(b)(3). The statute limits a manufacturer's right of first refusal and prohibits unreasonable withholding of consent to the sale of a dealership.

The District Court granted summary judgment to Ford on the count alleging unreasonable withholding of consent, but concluded that plaintiff had standing to challenge Ford's right of first refusal. Consistent with that ruling, the Court also denied Ford's motion for summary judgment on Rosado's claim for tortious interference with contract. Pursuant to 28 U.S.C. § 1292(b), the Court certified as a controlling question of law "whether a prospective purchaser has standing to claim that the selling dealer did not receive the same or a greater consideration under § 818.16." We accepted the certification.

On appeal, in addition to denying Rosado's standing, Ford contends that its invocation of the right of first refusal did not constitute tortious interference with contract.

## I.

The Pennsylvania Board of Vehicles Act is a comprehensive statute governing the relationship between automobile manufacturers and their franchise dealers. The Act prohibits a manufacturer from unreasonably withholding consent to the sale of a franchise to a qualified buyer. 63 P.S. § 818.12(b)(3). To further regulate transfers, the legislation was amended in 1996 to permit a manufacturer to include a right of first refusal in the franchise.

The amended portion of the statute reads:

"A manufacturer or distributor shall be permitted to enact a right of first refusal to acquire the new vehicle dealer's assets or ownership in the event of a proposed change of all or substantially all ownership or transfer of all or substantially all dealership assets [if certain requirements are met, including that] . . . (2) the exercise of the right of first refusal will result in the dealer and dealer's owners receiving the same or greater consideration as they have contracted to receive in connection with the proposed change of all or substantially all ownership or transfer of all or substantially all dealership assets."

63 P.S. § 818.16.

In addition to restrictions not at issue here, when exercising the right of first refusal, the manufacturer must pay "the reasonable expenses including reasonable attorney fees" to the "proposed new owner" incurred in negotiating a contract to purchase the dealership. 63 P.S. § 818.16(4).

In the case before us, neither the manufacturer nor the dealer contest the exercise of the right of first refusal. The objections come from the plaintiff who was deprived of his opportunity to purchase the dealership after an apparently satisfactory agreement had been negotiated with the owner.

In this diversity case, we look to the law of Pennsylvania. In general, standing depends on whether the plaintiff has suffered a legal injury that the law was designed to protect. *See Pennsylvania Nat'l Mut. Cas. Insur. Co. v. Dep't of Labor & Indus., Prevailing Wage Appeals Bd.*, 715 A.2d 1068, 1071 (Pa. 1998) (explaining that "[s]tanding may be conferred by statute or by having an interest deserving of legal protection"). "It is also clear that standing will be found more readily where protection of the type of interest asserted is among the policies underlying the legal rule relied upon by the person claiming to be aggrieved." *Wm. Penn Parking Garage v. City of Pittsburgh*, 346 A.2d 269, 284 (Pa. 1975).

Ultimately, in order to have standing, a party must have a substantial, immediate and direct interest in the subject

matter. *See Ken R. v. Arthur Z.*, 682 A.2d 1267, 1270 (Pa. 1996). In *Sprague v. Casey*, 550 A.2d 184, 187 (Pa. 1988), the Court explained that other factors must be considered such as "existence of other persons better situated to assert the claim." The Pennsylvania Superior Court in *In re Seitz*, 43 A.2d 547 (Pa. Super. Ct. 1945), concluded that, in the absence of special statutory authority, a homeowner had no standing to challenge issuance of a liquor license for property in the same neighborhood because his interest was only a "collateral concern" for the "indirect effect" that issuance of the liquor license might have on the value of his property.

Rosado relies on section 818.29 of the Act to grant him standing as a prospective purchaser. That section reads in pertinent part: "Any person who is or may be injured by a violation of a provision of this Act of[1] any party to a franchise who is so injured in his business or property by a violation of a provision of this Act . . . may bring an action for damages and equitable relief . . . ." 63 P.S. § 818.29.

Rosado asserts that Ford's exercise of its right of first refusal resulted in a diminution of the compensation due the Lopattos and, thus, violated the Act. That being so, he contends that Ford has forfeited its right to a first refusal and the original agreement remains in effect. However, even if it be assumed that the Lopattos received less than Rosado's offer, Ford responds that the statutory provision at issue here is for the benefit of the dealer, not a prospective purchaser. Essentially the argument is that Rosado does not have any right to litigate the merits of an obligation that Ford owes to the Lopattos.

The Pennsylvania courts have not interpreted these sections of the Act, but we have had the occasion to review pertinent portions of the legislation in two instances, *Crivelli v. General Motors Corp.*, 215 F.3d 386 (3d Cir. 2000), and *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358 (3d Cir. 1992). Both of these cases, however,

---

1. The use of "of" instead of "or" appears to be a typographical error. The original Act used "or" rather than "of."

were concerned with events that occurred before 1996 when the right of first refusal was added to the statute.

In *Crivelli*, the franchise agreement provided the manufacturer with a right of first refusal, a matter on which the statute, at that time, was silent. *Crivelli*, 215 F.3d at 387. After the manufacturer exercised its right of first refusal, the frustrated prospective purchaser contended that the statutory provision preventing the manufacturer from unreasonably withholding consent to a sale applied to the right of first refusal as well. *Id.* We discussed the difference between an unreasonable withholding of consent and the right of first refusal, both of which are somewhat different forms of contractual control by manufacturers over dealership transfers.

As we explained, a right of first refusal requires the manufacturer to match the terms of the original proposal and, thus, protects dealers by creating two prospective purchasers for every offer they receive. *Id.* at 389-90. In most instances, the dealer would be largely indifferent to the identity of the new owner, and the prospective purchaser's expectations must take into account the uncertainty over whether the manufacturer will exercise its rights.

In contrast, by preventing a manufacturer from arbitrarily refusing consent to a transfer, the Act enables dealers to sell their businesses to qualified successors. Similarly, prospective purchasers' opportunities to acquire dealerships may not be thwarted by manufacturers' obstinate and unjustifiable blocking of sales. Without the statutory provision, manufacturers, at no risk or expense, could foreclose transfers advantageous to both dealers and prospective purchasers. A violation of the unreasonably withholding consent provision would directly injure *both* dealers and qualified prospective purchasers. Thus, the unreasonable withholding consent provision offers more protection to purchasers than a right of first refusal.

*Crivelli* concluded that, because the two contractual clauses were substantially different, the manufacturer's right of first refusal should not be subject to the existing statute's ban on unreasonable denial of consent. In short,

the Court upheld the freedom to contract in the absence of limiting legislation.

The case had been tried on the merits and therefore the standing issue was not raised by the parties. However, in a footnote we commented that "[a]lthough some courts have dismissed such cases on lack of standing [citations] in interpreting the Pennsylvania Act, we held that prospective purchasers have standing." *Crivelli*, 215 F.3d at 392 n.3 (citing *Big Apple*, 974 F.2d at 1383). Under Pennsylvania law, standing may be waived by the parties. *See In re Duran*, 769 A.2d 497 (Pa. Super. Ct. 2000). Because it was not a subject of the appeal in *Crivelli*, the footnoted reference is dictum insofar as it might be read to apply to standing of prospective purchasers in right of first refusal controversies.

Obviously, the footnote was inserted to acknowledge *Big Apple*'s superficial relevance. In that case, a significant issue was whether a prospective purchaser had standing under the Vehicles Act to pursue a claim against a manufacturer that unreasonably withheld consent to the transfer of a franchise. We decided in that circumstance section 818.29 (previously section 818.20), granting a cause of action to anyone injured by violation of the Act, conferred standing on a prospective purchaser. *Big Apple*, 974 F.2d at 1382-3. The withholding consent provision, section 818.12(b)(3), implies at least some concern for prospective purchasers by the reference to those who are qualified and who are capable of obtaining a dealer's license, and might appear to give some protection to prospective purchasers.

However, *Big Apple*'s holding on standing in the unreasonable withholding context does not logically carry over to the first refusal setting. The holding in that case on standing must be read in light of the fact that the claim was limited to a contention that consent was unreasonably denied.

The statute does, however, require the manufacturer to give timely notice and to reimburse a prospective purchaser with reasonable expenses incurred from negotiating the original agreement with the owner. Obviously, a prospective purchaser would have standing for violation of those

statutory provisions, and to that extent *Big Apple* and the footnote in *Crivelli* are applicable. But there are no such violations at issue here. The fact that the Act grants the prospective purchaser specific benefits tends to negate any suggestion that other limitations on the right to contract were intended to be included. Nothing in the Act confers authority on one party to seek recovery on the part of another.

Here, it is critical that the prospective purchaser's complaint is based on the contention that the owner did not receive what he was entitled to under the Act when Ford exercised its right of first refusal. But, if the prospective purchaser prevailed on that theory, it would not be he, but the owner, who would be entitled to the loss resulting from the violation by the manufacturer. *See Sprague*, 550 A.2d at 187 (noting as a standing factor "the existence of other persons better situated to assert the claim").

In reality, it is not the loss that the Lopattos might have suffered that Rosado seeks. Rather, he wants to recover the benefits of his bargain. Unfortunately for him, the Act only grants prospective purchasers the right to timely notice and reimbursement of reasonable expenses incurred from negotiating the original sales contract.

Ultimately, the *Crivelli* footnote does not aid Rosado because it is dictum and, by its dependence on *Big Apple*, is limited to the unreasonable withholding of consent context. That is all the more obvious in view of the enactment of the 1996 amendment to the Board of Vehicles Act.

We conclude that our response to the question certified to us must be in the negative. A prospective purchaser lacks standing to claim that the selling dealer did not receive the same or greater consideration under section 818.16.

## II.

The parties have also briefed the issue of whether Rosado's claim for tortious interference with contractual rights continues to be viable.

Our scope of review is not limited to the issue articulated in the section 1292(b) certification motion. Generally, we may address any question fairly included within the certified order because it is the order, and not the controlling question of law, that is appealable. *Abdullah v. American Airlines*, 181 F.3d 363, 366 (3d Cir. 1999).

Here, the tortious interference claim obviously depends on whether the defendant acted in violation of the Vehicles Act. *Crivelli* denied a similar claim, finding that Pennsylvania law would not allow a recovery in such circumstances. We need not repeat *Crivelli*'s thorough analysis of the tortious interference issue. It clearly applies here and mandates denial of recovery.

We conclude that the District Court erred in failing to grant summary judgment in favor of Ford Motor Company on the tortious interference claim.

Accordingly, we will remand the case to the District Court for the entry of the appropriate orders.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*