DISSENTING OPINION BY
JUDGE COSGROVE
Although I respect the exceptionally well written and reasoned Majority opinion, I cannot agree with its conclusion.
This case requires us to define the boundaries of the Board of Vehicles Act (Act), Act of December 22, 1983, P.L. 306, as amended, 63 P.S. §§ 818.1-818.37, relative to automobile dealer reimbursements for parts and labor expenses incurred in performance of warranty repairs. Specifically, we must determine whether manufacturers (in this case, General Motors, LLC (Petitioner)), may require dealers, such as the present Intervenors (Protesting Dealers), who had elected retail rates for parts (as statutorily permitted) to also elect retail rates for labor. While Petitioner insists it is entitled to impose this requirement based on its contract with dealers in Pennsylvania, the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) found in favor of the Protesting Dealers, and, in my opinion, correctly so.
The Majority recognizes that the Act,is “a comprehensive statute governing the relationship between automobile manufacturers and their franchise dealers.” Majority, op. at 683 (citing Rosado v. Ford Motor Co., 337 F.3d 291, 293 (3d Cir. 2003)). As we held in Maggiano v. State Board of Vehicle Manufacturers, Dealers, and Salespersons, 669 A.2d 1071, 1074 (Pa. Cmwlth. .1995), the “legislative purpose of the Act” is “set forth” in “49 Pa. Code § 19.1.” This provision states that the Act is an “exercise of [the Commonwealth’s] police power,” and is designed to “prevent frauds, impositions and other abuses upon [the Commonwealth’s] citizens and to protect and preserve the investments and properties’of the citizens of this Commonwealth.” Id, Against this backdrop, it is difficult to see how the Legislature could have intended statutory language, which may be subject to two reasonable ihterpre-tations, to be viewed in a way which favors multibillion dollar corporations based in other states (or countries) over the protective interests of local automobile dealers operating within the Commonwealth. As the Majority disagrees, I believe it errs.
If this were not reason enough for a result different from the Majority’s, I am concerned that we have not given appropriate deference to the Board. “[0]ur focus must center, on,the Board’s interpretation of the Act ... [and] the Board’s decision cannot be overturned unless clearly erroneous.” Maggiano, 659 A.2d at 1074 (emphasis added), citing Alpha Auto Sales v. Department of State, Bureau of Professional and Occupational Affairs, 537 Pa. 353, 644 A.2d 153 (1994). The Majority recognizes that the two questions "presented are matters of “first impression,” and with regard to the second, specifically notes that the statutory language “is susceptible to more than one meaning.” Majority, op. at 684, 686. In reversing, however, the Majority does not chide the Board for being clearly erroneous, as we required in Maggiano. Without such a finding, we are bound to uphold the Board’s decision. Failing to do so, I must dissent.